## L. KASSOFF et al. v. STATE.

No. A-4109.    Opinion Filed Feb. 3, 1923.

(212 Pac. 141.)

**(Syllabus.)**

**Appeal and Error—Appellant not Entitled to Give Supersedeas Bond and Leave Jurisdiction Without Permitting Orders.** When a person is convicted of crime and perfects an appeal to this court, he is not entitled to give supersedeas bond and leave the jurisdiction without proper orders permitting him to do so.

Appeal from County Court, Stephens County; G. T. Burrows, Judge.

L. Kassoff and another were convicted of a violation of the prohibitory liquor law, and they appeal. Appeal dismissed.

Jno. W. Scott and Sandlin, Winans & Lewis, for plaintiffs in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiffs in error were jointly charged, tried, and convicted on an information charging that they did have in their possession intoxicating liquor, to wit, five gallons of "Home Brew," and one gallon of whisky, at their place of business in Oil City, in Stephens county, with the unlawful intent to sell the same in violation of the prohibitory liquor laws of the state, and in accordance with the verdict of the jury they were each sentenced to be confined for 30 days in the county jail and to pay a fine of $50. From the judgments rendered on the 6th day of September, 1921, an appeal was perfected by filing in this court on October 17, 1921, a petition in error with case-made.

The plaintiffs in error are not represented by counsel in this court, and no briefs have been filed. On January 3, 1923, the Attorney General filed a motion to dismiss the appeal on

the ground that plaintiffs in error and each of them have left the jurisdiction of this court and are living in the city of Little Rock, Ark., and that no permission or request for permission has been made to this court by plaintiffs in error for the privilege of removing from the jurisdiction of the court during the pendency of the appeal.

Attached to the motion to dismiss and in support thereof is the affidavit of S. G. Moore that he is constable in Duncan township, Stephens county; that at the request of J. H. Davis, one of the bondsmen that executed the supersedeas bond to stay the judgment pending said appeal, he went to Little Rock and found the said L. Kassoff and Lena Kassoff and requested each of them to return to the state of Oklahoma and thereby prevent the forfeiture of said supersedeas bond; that said L. Kassoff and Lena Kassoff and each of them refused to return to Oklahoma to relieve said bondsmen of liability accruing on said bond.

In response to the motion to dismiss, said plaintiffs in error have filed their verified answer, wherein they state that they have been staying in Little Rock since the month of July, 1922; that their leaving the state of Oklahoma was not to avoid any service, or penalties, but because of necessity; that they are not fugitives from justice and that they have not attempted to conceal their location or whereabouts; that they paid the sum of $200 to the bondsmen to make the bond, and that he has not incurred any liability on the bond; that at the proper time they will return to Oklahoma to face any charge after the Criminal Court of Appeals has disposed of said appeal.

By numerous decisions of this court it has been held that, when a person is convicted of a crime and perfects an appeal to this court, he is not entitled to give a supersedeas bond and

leave the jurisdiction without proper orders permitting him to do so. Ravenscraft v. State, 12 Okla. Cr., 283, 155 Pac. 198.

From the failure to file briefs and from the answer of plaintiffs in error to the motion to dismiss, it is evident that the appeal in this case has been abandoned.

Following the rule laid down in the case cited, the motion to dismiss the appeal is sustained, and the cause remanded to the county court of Stephens county.

MATSON, P. J., and BESSEY, J., concur.