# LOT RAVENSCRAFT v. STATE.

### (Two Cases.)

No. A-2536.    Opinion Filed February 1, 1916.

### (155 Pac. 198.)

1.  **SUPERSEDEAS BOND** — Leaving Jurisdiction Pending Appeal.
    When a person is convicted of crime and perfects an appeal to
    this court, he is not entitled to give a supersedeas bond and
    leave the jurisdiction without proper orders permitting him to
    do so.

2.  **APPEAL**—Dismissal—Grounds.  A motion to dismiss an appeal
    on the ground that the person taking the same has left the juris-
    diction of the court and become a non-resident of the state, and
    is therefore no longer amenable to the orders of the court, in
    the absence of answer or any showing, will be sustained and the
    appeal dismissed.

*Appeal from District Court, Beaver County in A-2194;
R. H. Loofbourrow, Judge.*

*Appeal from District Court, Harper County in A-2334;
W. C. Crow, Judge.*

Dismissed.

*Charles Swindall,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Lot Ravenscraft,
was convicted at the August, 1913, term of the District Court of
Beaver county in cause No. A-2194 on a charge of larceny of
live stock and his punishment fixed as imprisonment in the state
penitentiary for a term of two years.

The conviction in No. A-2334 occurred in the District Court
of Harper county, Oklahoma, at the March, 1914, term of said
court.  The charge in that court being larceny of domestic animals,
and the punishment fixed at two years in the penitentiary.

The prosecution in these cases grew out of a transaction which occurred about the 19th day of April, 1913, and involves the charge of stealing cattle from two different individuals.

Upon the submission of this cause on the briefs and oral arguments the attention of the court was not called to the fact that plaintiff in error was a non-resident of Oklahoma.

On the 12th day of January, 1916, the attorney general filed a motion to dismiss the appeals in both of the above styled and numbered causes on the ground that the said plaintiff in error had left the jurisdiction of this court and had become a non-resident of the state of Oklahoma.

Attached to the motion to dismiss and in support thereof a number of affidavits have been filed; among them that of John W. Bain, postmaster at LaVerne in Harper county, Oklahoma, which was the home of plaintiff in error at the time of his arrest and conviction. In this affidavit facts are set forth which indicate that plaintiff in error left Oklahoma some two years ago; had lived at Cuba, Kansas, a portion of the time and at Logan, Kansas, a portion of the time. His present whereabouts appear to be unknown. The facts set forth, however, indicate that plaintiff in error is a resident of the state of Kansas.

There has been no answer filed to the motion. The plaintiff in error has not been produced in person to answer to the orders of this court.

In the absence of a showing to the contrary, the motion of the attorney general, supported by affidavits, as this is, should be and is conclusive.

The appeal is dismissed in both cases. Mandate ordered forthwith.

DOYLE, P. J., concurs; FURMAN, J., absent.