CHARLES H. HOLDEN v. STATE.

No. A-3266. Opinion Filed May 18, 1918.

(172 Pac. 977.)

APPEAL AND ERROR—Supersedeas Bond—Breach—Dismissal of Appeal. When a person who has been convicted of a crime appeals and gives bond to stay the execution of the sentence during the pendency of the appeal, and violates the condition of his bond by leaving the state without leave of court, it is within the discretion of the court whether it will proceed to a decision of the cause, or dismiss the appeal.

*Appeal from County Court, Oklahoma County;*
*William H. Zwick, Judge.*

Charles H. Holden was convicted of a violation of the prohibitory law, and he appeals. Appeal dismissed.

*Pruiett, Sniggs & Patterson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Charles H. Holden, and Bert Shadrick were jointly charged, tried, and convicted under an information charging that they unlawfully transported 60 half pints of whisky, and their punishment assessed at a fine of $250, and three months in the county jail. From the judgment rendered in accordance with the verdict, an appeal was perfected by

filing in this court on February 26, 1918, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal of plaintiff in error, Holden, on the ground that since the appeal was taken the said Holden at various times left Oklahoma without leave of court, and went to Texas for the purpose of violating the prohibition law of both states. In reply to the motion to dismiss his counsel filed affidavit of Charles H. Holden, which, omitting merely formal parts, is as follows:

"Plaintiff in error admits that since the making of appeal bond in this cause he has been out of the State of Oklahoma and sojourned in the State of Texas on business trips of a few hours' duration, but that at no time has he removed from the State of Oklahoma and violated the prohibition laws of the State of Texas. * * * Plaintiff in error says that he is now confined in the county jail at Mangum, Okla., upon order of the district judge of Jackson county, Okla., wherein he is charged with murder, and that he is also being held in jail because of failure to give an appeal bond, wherein he was sentenced at Norman, Okla., to four years' imprisonment in the state penitentiary. Plaintiff in error says that he has at no time been a fugitive from justice, and has at no time withdrawn himself from the jurisdiction of this court in order to defeat the enforcement of any judgment which might be rendered against him; that he is now within the jurisdiction of this court, and is willing to abide by the terms of his bond given in this cause; that J. M. Edwards and J. D. Key are witnesses for the state, wherein the plaintiff in error is charged with murder in Jackson county, Okla., and that said parties who made the affidavits are prejudiced against him, and have made said affidavits in order that if plaintiff in error is granted bond upon said charge of murder, he would not be liberated from custody because of having to serve the original sentence imposed in this case if the ap-

peal is dismissed, and thereby keep plaintiff in error in custody, and prevent him as far as possible from preparing his case for trial upon the charge of murder."

Under the Constitution and the Code of Criminal Procedure of our state, an appeal may be taken to this court by any person convicted of a crime to have the judgment reversed as a matter of right, and under the Constitution the Legislature may prescribe the mode in which the right may be exercised. Our Code provides that if the crime of which the defendant is convicted be a bailable one, the defendant may give bail, and the bond shall stay execution of the sentence during the pendency of the appeal. One of the conditions of the bond as prescribed by the statute is:

"That the defendant will appear, submit to and perform any judgment rendered by the Criminal Court of Appeals or the court in which the original judgment was rendered in the further progress of the cause, and will not depart without leave of court." (Section 5995, Rev. Laws 1910.)

The proof on the part of the state in support of the motion to dismiss shows that plaintiff in error had violated the conditions of his bond by making frequent trips to Texas for the purpose of transporting intoxicating liquors from Texas back to this state. The plaintiff in error's affidavit also shows he had violated the conditions of his bond. And see *Holden v. State, post,* p. 691, 172 Pac. 978, and *Bryce v. Smith, ante,* p. 456, 172 Pac. 976.

While there is no express provision of the statute authorizing the dismissal of an appeal on the grounds stated, yet, in the absence of a statute to the contrary, we think it is a matter within the discretion of the court whether, under the facts and circumstances admitted, we

will consider and determine the appeal. The plaintiff in error each time he left the state was in the attitude of a fugitive from justice, and thereby waived the right to have his conviction reviewed. We do not think it would subserve the ends of justice to permit a person convicted of crime, enlarged on bond pending the determination of his appeal, to violate the conditions of his bond with impunity, and where it is conclusively shown, as in this case, that the plaintiff in error has been persistent in violating the conditions of his bond, his appeal should be dismissed. The appeal herein of Charles B. Holden is therefore dismissed.

ARMSTRONG and MATSON, JJ., concur.