## W. M. WEBSTER v. STATE.

No. A-3806—Opinion Filed Nov. 22, 1920.

(193 Pac. 431.)

(Syllabus.)

1   **APPEAL AND ERROR—Supersedeas Bond—Breach.** Where a defendant has been convicted and sentenced and perfects an appeal, he is not entitled to give supersedeas bond, and leave the state without leave of court permitting him to do so.

2.   **SAME—Leaving State—Disposition of Cause.** Where defendant has been convicted and sentenced and gives bond to stay the execution of the sentence during the pendency of the appeal, and violates a condition of his bond by leaving the state without leave of court, it is within the discretion of the court whether it will proceed to a decision of the case, or dismiss the appeal.

*Appeal from District Court, Kiowa County;*

*Frank Mathews, Assigned Judge.*

W. M. Webster, convicted of open and notorious adul-tery, appeals. Appeal dismissed.

*Thos. W. Conner*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *W. C. Hall*, Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, W. M. Webster, was convicted of open and notorious adultery, and his punish-

ment assessed at imprisonment in the penitentiary for a term of two years and three months and a fine of $200. From the judgment rendered in accordance with the verdict on the 10th day of January, 1920, an appeal was taken by filing in this court on June 21, 1920, a petition in error with case-made.

A motion to dismiss the appeal has been filed by the Attorney General, for the reason that: "Plaintiff in error is without the jurisdiction of the court, in that he is now in the state of Texas." Attached to said motion is the affidavit of the county attorney of Kiowa county, which, omitting formal parts, is as follows:

"The affiant, John T. Hayes, says that he is county attorney of Kiowa county in the state of Oklahoma, and prosecuted the said plaintiff in error in the district court of Kiowa county, Okla.; that the said plaintiff in error gave bond and prosecuted the above appeal to this court; the affiant is informed and believes the information to be true that the said W. M. Webster is now absent from the state of Oklahoma and now in the state of Texas, and that the said affiant is informed and believes the information to be true, that the said plaintiff in error, W. M. Webster, has been out of the state of Oklahoma on different times and occasions since prosecuting said appeal and that he has sojourned in California and other states. This affidavit is made in support of motion to dismiss said appeal."

The uniform holding of this court is that where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider his appeal unless the defendant is where he can be made to respond to any judgment or order it may render and enter in the case. *Belcher v. State,* 9 Okla. Cr. 50, 130 Pac. 515; *Peel v. State,* 9 Okla. Cr. 234, 131 Pac. 548; *Gorrell v. State,* 10

Okla. Cr. 697, 143 Pac. 341; *Williams v. State,* 11 Okla. Cr. 35, 141 Pac. 453; *Myers v. State,* 13 Okla. Cr. 255, 163 Pac. 958; *Smith v. State,* 13 Okla. Cr. 698, 167 Pac. 234; *Morgan v. State,* 14 Okla. Cr. 466, 172 Pac. 974.

Where the plaintiff in error gives bond to stay the execution of the sentence during the pendency of the appeal, and violates a condition of his bond by leaving the jurisdiction without leave of the court, it is within the discretion of the court whether it will proceed to a decision of the cause or dismiss the appeal. *Bryce v. State,* 14 Okla. Cr. 456, 172 Pac. 976.

In the case of *Holden v. State,* 14 Okla. Cr. 463, 172 Pac. 977, it is said:

"While there is no express provision of the statute authorizing the dismissal of the appeal on the grounds stated, yet, in the absence of a statute to the contrary, we think it is a matter within the discretion of the court whether, under the facts and circumstances admitted, we will consider and determine the appeal. The plaintiff in error each time he left the state was in the attitude of a fugitive from justice, and thereby waived the right to have his conviction reviewed. We do not think it would subserve the ends of justice to permit a person convicted of crime enlarged on bond pending the determination of his appeal, to violate the conditions of his bond with impunity, and where it is conclusively shown, as in this case, that the plaintiff in error has been persistent in violating the conditions of his bond, his appeal should be dismissed."

Upon the proof supporting the motion to dismiss we are of opinion that plaintiff in error has waived the right to have his appeal in this case considered and determined. The appeal herein is therefore dismissed.

ARMSTRONG and MATSON, JJ., concur.