### JOE BURDEN v. STATE.

No. A-4219.   Opinion Filed June 21, 1923.

(215 Pac. 1076.)

(Syllabus.)

1.   **Appeal and Error—Appellant not to Give Supersedeas Bond and Leave Jurisdiction Without Leave of Court.** Where a person is convicted of a crime and perfects an appeal to this court, he is not entitled to give a supersedeas bond and leave the jurisdiction without leave of court.

2.   **Same—Dismissal of Appeal.** Where a defendant has been convicted and appeals from the judgment and gives bond to stay the execution of the sentence during the pendency of the appeal, and violates the condition of his bond by leaving the state without leave of court, it is within the discretion of the court whether it will proceed to the decision of the case, or dismiss the appeal.

Appeal from County Court, Stephens County; G. T. Bur-

rows, Judge.

Joe Burden was convicted of manufacturing intoxicating liquor, and he appeals. Appeal dismissed.

Wilkinson & Saye, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Joe Burden, was convicted in the county court of Stephens county on a charge of manufacturing intoxicating liquor, and his punishment fixed at a fine of $500 and six months' confinement in the county jail. On December 19, 1921, the court rendered judgment on the verdict. From the judgment an appeal was taken by filing in this court on February 27th, 1922, a petition in error with case-made.

On February 22d, 1923, the Attorney General filed a motion to dismiss the appeal on the ground:

"That the plaintiff in error herein has removed from the jurisdiction of this court and is now a bona fide resident of the state of Montana."

The motion is supported by the affidavit of E. R. Young, sheriff of Stephens county, who states that since said conviction the said Joe Burden has left the state of Oklahoma and is now according to reliable information, residing in the state of Montana or the state of Idaho, that the absence of the said Joe Burden from the state of Oklahoma is not temporary, but is of a permanent nature.

No answer or response to the motion to dismiss has been filed in this court.

It has been repeatedly decided by this court that, where a defendant has been convicted and appeals from the judg-

ment and sentence, this court will not consider his appeal unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case, and that he is not entitled to give a supersedeas bond and leave the jurisdiction without proper orders permitting him to do so. Ravenscraft v. State, 12 Okla. Cr. 283, 155 Pac. 198; Morgan v. State, 14 Okla. Cr. 466, 172 Pac. 974.

Our Code prescribes the condition of an appeal bond as follows:

"If an appeal is taken and the appeal bond given as provided in the preceding section, said bond shall be conditioned that the defendant will appear, submit to and perform any judgment rendered by the criminal court of appeals or the court in which the original judgment was rendered in the further progress of the cause, and will not depart without leave of the court." Comp. Stats. 1921, § 2812.

Under this section where a supersedeas bond is given, it is strictly upon the condition that the appellant shall fully observe the conditions named in said bond, and where it is shown, as in this case, that appellant after perfecting his appeal, without permission or proper order of the court first obtained, left the jurisdiction of the court, thus voluntarily violating one of the conditions of his supersedeas bond, he thereby waives the right that was given him to have the judgment of conviction superseded, and then it became discretionary with this court to proceed with a determination of the case on its merits or dismiss said appeal for that reason.

In Bryce v. State, 14 Okla. Cr. 456, 172 Pac. 976, it is said:

"If persons who are convicted of crime within this state leave the jurisdiction of this court after taking an appeal without its permission or order, even for a short period of time, they may, with equal right and propriety, leave the court's jur-

isdiction during the entire pendency of the appeal and the court under such circumstances, would be practically helpless to enforce its judgment against them. Persons convicted of crime in courts of record within this state have a right to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal, continually violating the criminal statutes of this state.''

Where, on motion to dismiss the appeal, a showing is made by the state, such as in this case, this court in the exercise of its discretion may dismiss the same.

We are of opinion that under the rule stated appellant has waived the right to have his appeal in this case considered and determined. The appeal is therefore dismissed.

MATSON, P. J., and BESSEY J., concur.