### JESSE TAYLOR v. STATE.

No. A-4483.   Opinion Filed Aug. 15, 1924.
(227 Pac. 905.)

(Syllabus.)

**Appeal and Error—Disposition of Cause Where Appellant Violates Stay Bond.** When a person who has been convicted of a crime appeals and gives bond to stay the execution of the

sentence during the pendency of the appeal, and violates the condition of his bond by leaving the state without leave of court, it is within the discretion of the court whether it will proceed to a decision of the cause, or dismiss the appeal.

Appeal from County Court, Tillman County; W. H. Hussey, Judge.

Jesse Taylor was convicted of the unlawful manufacture of intoxicating liquor, and he appeals. Appeal dismissed.

P. Mounts, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Jesse Taylor, was convicted on an information charging that on or about the 1st day of April, 1922, he did commit the crime of manufacturing intoxicating liquor, to wit, whisky, and his punishment fixed at confinement in the county jail for six months and a fine of $500. From the judgment rendered on the verdict on the 9th day of September, 1922, an appeal was duly perfected.

On March 14, 1924, the Attorney General filed a motion to dismiss the appeal for the following reasons:

"First, plaintiff in error has voluntarily and without leave of court first obtained moved without the jurisdiction of this court and is now residing in the state of Texas, where the execution of the judgment pronounced in the court below cannot and could not be enforced against him. As evidence thereof, see attached affidavit of E. J. May, sheriff, and J. R. Huggins, county attorney of Tillman county, Oklahoma.

"Your petitioner respectfully states to the court that he has been informed by the county attorney of Tillman county that after the conviction herein of the plaintiff in error and after his appeal thereon was lodged in this court plaintiff in error deserted his wife and children and took up with and fled from the jurisdiction of this court in company with a

woman other than his wife, and that from the best information that can be obtained he is now residing in the state of Texas in open adultery with said paramour.

"Wherefore, your petitioner prays this court to dismiss this appeal pending herein."

This motion is supported by the affidavit of E. J. May, sheriff, and J. R. Huggins, county attorney of Tillman county. No response has been filed to said motion.

It is the settled rule in this state that when a person has been convicted of crime and gives bond to stay the execution of the sentence during the pendency of the appeal, and violates the condition of his bond by leaving the state without leave of the court, it is within the discretion of the court whether it will proceed to a decision of the cause or dismiss the appeal. Bryce v. State, 14 Okla. Cr. 456, 172 Pac. 976; Holden v. State, 14 Okla. Cr. 463, 172 Pac. 977.

We are of the opinion that the motion to dismiss the appeal should be sustained as coming within the rule declared by this court in numerous decisions that this court will not consider an appeal unless the plaintiff in error is where he can be made to respond to any judgment or order which may be rendered or entered in the case.

It follows that plaintiff in error has waived the right to have his appeal in this case considered and determined. The appeal is therefore dismissed. Mandate forthwith.

MATSON, P. J., and BESSEY, J., concur.