## EDWARD KINCAID v. STATE.

No. A-4825.    Opinion Filed April 11, 1925.
Rehearing Denied May 9, 1925.
(237 Pac. 131.)

(Syllabus.)

1.  **Bail—Accused, Appealing, not Entitled to Leave Jurisdiction
    Without Leave of Court.** Where a person is convicted of a crime
    and perfects an appeal to this court, he is not entitled to give a
    supersedeas bond and leave the jurisdiction without leave of
    court.

2.  **Appeal and Error—Dismissal of Appeal Where Accused Leaves
    Jurisdiction Without Leave Pending Appeal.** Where a defendant
    has been convicted and appeals from the judgment and gives
    bond to stay the execution of the sentence during the pendency
    of the appeal, and violates the condition of his bond by leaving
    the state without leave of court, it is within the discretion of
    the court whether it will proceed to the decision of the case or
    dismiss the appeal.

3.  **Same.** In this case it appears that appellant, upon the approval
    of his supersedeas bond, left the state and has not returned. The
    appeal is therefore dismissed.

Appeal from District Court, Pittsburg County; A. C.
Brewster, Judge.

Edward Kincaid was convicted of forgery, and ap-
peals. Appeal dismissed.

J. S. Arnote, for plaintiff in error.

George F. Short, Atty. Gen., and W. E. Gotcher, Co.
Atty., for the State.

DOYLE, J. The plaintiff in error, Edward Kincaid,
was convicted on an information, in substance charging
that on March 3, 1919, while he was in the employ of the
Burroughs Adding Machine Company, he received from
the Albert W. Jones Company a certain check for the
sum of $95, payable to the Burroughs Adding Machine
Company; that on May 5, 1919, and after employment
of said defendant with the said Burroughs Adding Machine

Company had terminated, he feloniously forged the name of the Burroughs Adding Machine Company to said check and received $95 for said check. On the trial the jury returned a verdict finding Edward Kincaid guilty of forgery in the second degree, as charged in the information, and fixing his punishment at imprisonment in the penitentiary for the term of four years. From the judgment rendered on the verdict, on March 2, 1923, the defendant appealed by filing in this court on August 30, 1923, a petition in in error, with case-made. Counsel for the state has filed a motion to dismiss the appeal for the reason that plaintiff in error is a fugitive from justice; that he has left and is now absent from the state without leave of court, and has thus violated the conditions of his appeal bond.

In support of said motion is the affidavit of W. E. Gotcher, county attorney of Pittsburg county, in part as follows:

That as such county attorney he has made due search and inquiry in regard to the whereabouts of plaintiff in error, who he is informed is at this time absent from the state of Oklahoma; that affiant at the time of his conviction was the assistant county attorney of Pittsburg county, and is informed that the said Kincaid immediately after his conviction left the state of Oklahoma and has ever since been absent.

To the same effect is the affidavit of Will Anderson, sheriff of Pittsburg county.

Also the affidavit of O. H. Whitt, county attorney at the time of the trial of said Kincaid: That the said Kincaid upon his release upon bond pending his said appeal departed from Pittsburg county and from the state; that affiant is informed that he has been absent from the state since said time and is now absent therefrom.

Also the affidavit of Jackman A. Gill, in part as fol-

lows: That he is attorney at law, actually engaged in the active practice at McAlester; that he represented the Hartford Accident & Indemnity Company in the trial of said Kincaid in the district court of Pittsburg county on the charge of forgery, the said company having executed a surety bond for the said Edward Kincaid; that this affiant is informed that upon the release of said Edward Kincaid upon bond pending the appeal he departed from the state of Oklahoma and has since been absent and is now absent therefrom.

The uniform holding of this court is that, where a defendant has been convicted and sentenced, and perfects an appeal, this court will not consider his appeal unless the defendant is where he can be made to respond to any judgment or order which may be rendered and entered in the case, and that he is not entitled to give a supersedeas bond and leave the jurisdiction without proper order to do so. Ravenscraft v. State, 12 Okla. Cr. 283, 155 P. 198; Morgan v. State, 14 Okla. Cr. 466, 172 P. 974; Daley v. State, 23 Okla. Cr. 355, 214 P. 941; Burden v. State, 24 Okla. Cr. 60, 215 P. 1076.

Our Code prescribes the condition of an appeal bond as follows:

"If an appeal is taken and the appeal bond given as provided in the preceding section, said bond shall be conditioned that the defendant will appear, submit to and perform any judgment rendered by the Criminal Court of Appeals or the court in which the original judgment was rendered in the further progress of the cause, and will not depart without leave of the court." Comp. Stats. 1921, par. 2812.

Under this section, where a supersedeas bond is given, it is strictly upon the condition that the appellant shall fully observe the conditions named in said bond, and where it is shown, as in this case, that appellant after perfecting his appeal, without permission or proper order of the court

first obtained, left the jurisdiction of the court, thus voluntarily violating one of the conditions of his supersedeas bond, he thereby waives the right that was given him to have the judgment of conviction superseded, and then it became discretionary with this court to proceed with a determination of the case on its merits or dismiss said appeal for that reason.

In Bryce v. State, 14 Okla. Cr. 456, 172 P. 976, it is said:

"If persons who are convicted of crime within this state leave the jurisdiction of this court after taking an appeal without its permission or order, even for a short period of time, they may, with equal right and propriety, leave the court's jurisdiction during the entire pendency of the appeal, and the court, under such circumstances, would be practically helpless to enforce its judgment against them. Persons convicted of crime in courts of record within this state have a right to appeal to this court, but such appeal must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal, continually violating the criminal statutes of this state."

Where on motion to dismiss the appeal a showing is made by the state, such as in this case, this court in the exercise of its discretion may dismiss the same.

We are of opinion that, under the rule stated appellant has waived the right to have his appeal in this case considered and determined.

The appeal is therefore dismissed.

BESSEY, P. J., and EDWARDS, J., concur.