## PAUL EVINGER v. STATE.

No. A-6062.   Opinion Filed June 25, 1926.
(247 Pac. 416.)

Matson & Mathers and Sitton & Lewis, for plaintiff in error.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

DOYLE, J.  Plaintiff in error, Paul Evinger, was charged jointly with Jack Hewman, Henry Cornett, and Walter O'Quinn with the robbery by firearms of the First National Bank of Gracemont, alleged to have been committed February 11, 1924, and upon his trial plaintiff in error was convicted and his punishment assessed at imprisonment in the state penitentiary for the term of five years.  On October 3, 1925, the court pronounced judgment and sentence in accordance with the verdict of the jury, and fixed the amount of the appeal bond at $5,000, which plaintiff in error was unable to make within the time fixed by the court, and was taken to the state penitentiary.

On February 15, 1926, an appeal from the judgment was duly lodged in this court and on said date this court on the application of counsel for plaintiff in error fixed his appeal bond at $5,000 to be conditioned as by law required and to be approved by the court clerk of Caddo county.  Thereafter an appeal bond was duly presented to and approved by said court clerk, and when the same was presented to the warden of the state penitentiary, said plaintiff in error was duly released on said bond, and is and has been at liberty by virtue of the

On June 21st, the Attorney General filed a motion to dismiss the appeal for the following reasons:

"That said bond was conditioned as provided by section 2812, C. O. S. 1921, one of which conditions is that the appellant 'will not depart without leave of the court,' meaning that said Paul Evinger will not leave the state of Oklahoma without permission of this court; that said condition in said bond has been breached in this, to wit, that on or about June 10, 1926, while said appeal was pending and said bond in full force and effect, said Paul Evinger, in violation of the terms of said bond, voluntarily left the state of Oklahoma without

leave of this court or of the district court of Caddo county, Okla., going into the state of Texas, where on June 12, 1925, under the alias George Barker, he was arrested by the sheriff's department of the county in which Waco is located, charged with larceny of, or unlawful possession of, a Ford coupe believed to have been stolen in the state of Oklahoma."

In support of said motion is the following affidavit:

"Lee Pollock of lawful age and being first duly sworn, deposes and says as follows, to wit: That I am an investigator, working out of the Oklahoma state bureau of criminal identification and investigation, and that I know Paul Evinger, who was convicted and sentenced on October 3, 1926, in the district court of Caddo county, Anadarko, Okla., for the crime of assisting in conjoint bank robbery, with firearms, of the First National Bank of Gracemont, Caddo county, Okla., that on the 19th day of June, 1926, I saw and conversed with the said Paul Evinger, in the county jail of McClennan county, Waco, Tex.; and that he frankly admitted to me that he was the said Paul Evinger, and that he had been arrested on June 11, 1926, in the city of Waco, Tex., by the sheriff's office; and that he was then being held for investigation by the federal authorities on a charge of the unlawful transportation of a stolen automobile across the state line of Oklahoma to the state of Texas."

The uniform holding of this court is that, where a defendant has been convicted and sentenced, and perfects an appeal, this court will not consider his appeal, unless the defendant is where he can be made to respond to any judgment or order which may be rendered and entered in the case, and that he is not entitled to give a supersedeas bond and leave the jurisdiction without proper order to do so. Belcher v. State, 96 Okla. Cr. 50, 130 P. 515; Ravenscraft v. State, 12 Okla. Cr. 283, 155 P. 198; Morgan v. State, 14 Okla. Cr. 466, 172 P. 974; Daley v. State, 23 Okla. Cr. 355, 214 P. 941; Burden v. State, 24 Okla. Cr. 60, 215 P. 1076; Simpson v. State, 29 Okla. Cr. 58, 232 P. 455; Kincaid v. State, 30 Okla. Cr. 290, 237 P. 131.

Under the statute (Comp. Stats. 1921, § 2812), one of the conditions of the appeal bond is that appellant will not depart without leave of the court, and, where it is shown that appellant, after perfecting his appeal, without permission or proper order of the court first obtained, left the jurisdiction of the court, thus voluntarily violating one of the conditions of his appeal bond, he thereby waives the right that was given him to have the judgment of conviction superseded, and it then becomes discretionary for this court to proceed to a determination of the case on its merits, or to dismiss such appeal for that reason.

In Bryce v. State, 14 Okla. Cr. 456, 172 P. 976, Judge Matson, speaking for the court, says:

"If persons who are convicted of crime within this state leave the jurisdiction of this court after taking an appeal without its permission or order, even for a short period of time, they may, with equal right and propriety, leave the court's jurisdiction during the entire pendency of the appeal, and the court, under such circumstances, would be practically helpless to enforce its judgment against them. Persons convicted of crime in courts of record within this state have a right to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal, continually violating the criminal statutes of this state."

And see Holden v. State, 14 Okla. Cr. 463, 172 P. 977.

We are of the opinion that, under the rule stated, the plaintiff in error has waived his right to have the appeal in this case considered and determined.

The appeal is therefore dismissed.

BESSEY, P. J., and EDWARDS, J., concur.