## COLLINS et al. v. STATE.

No. 22707.   Nov. 20, 1934.

Commons & Chandler and D. H. Cotten, for plaintiffs in error.

Paul O. Simms and Edw. H. Brady, for defendant in error.

PER CURIAM.   This is an appeal from the district court of Craig county, involving the single question of alleged error of the district court in its refusal to sustain the motion of plaintiffs in error, sureties on a supersedeas bond in a criminal case, to set aside an order of forfeiture upon such bond.

While the appeal of the principal upon said supersedeas bond was pending in the Criminal Court of Appeals, the county attorney wrote the following quoted letter addressed to that court:

"Office of County Attorney, Craig County.
'Office Phone 320
"Vinita, Oklahoma.

"To the Honorable,
"The Criminal Court of Appeals,
"The Capitol,
"Oklahoma City, Oklahoma.

"Gentlemen:—

"I am advised that Mr. Q. P. McGhee, who has a criminal case pending on appeal in the Criminal Court of Appeals of the state of Oklahoma and who is now on bond, has made application to the court for permission to leave the state of Oklahoma in order that he might take up his residence in the state of Nevada.

"It has been represented to the writer that the district judge of this district has signified his willingness that Mr. McGhee be permitted to leave the state pending the time his appeal is decided, and that the Attorney General has also agreed thereto.

"The writer was not in the county attorney's office at the time Mr. McGhee was tried and convicted, but in view of the aforesaid recommendations is willing to join therein and to consent that pending Mr. McGhee's appeal he be permitted to stand on his present bond and allowed to leave the state to become a resident of the state of Nevada.

"Yours very truly,
"Paul O. Simms,
"County Attorney of Craig County."

It is argued by the plaintiffs in error that this letter "showed that Q. P. McGhee, principal, had the permission of the county attorney to leave the state and become a resident of the state of Nevada, and that the letter infers that he also had the like permission of the trial court and the Attorney General of the state of Oklahoma.

We cannot agree that such inference can be drawn from the letter or that the county attorney, the trial court, or the Attorney General may extend such privilege to a de-

fendant in a criminal action pending upon appeal in the Criminal Court of Appeals.

In Evinger v. State, 35 Okla. Cr. 12, 247 P. 416, it is said:

"The uniform holding of this court is that, where a defendant has been convicted and sentenced, and perfects an appeal, this court will not consider his appeal, unless the defendant is where he can be made to respond to any judgment or order which may be rendered and entered in the case, and that he is not entitled to give a supersedeas bond and leave the jurisdiction without proper order to do so. Belcher v. State, 96 Okla. Cr. 50, 130 P. 515; Ravenscraft v. State, 12 Okla. Cr. 283, 155 P. 198; Morgan v. State, 14 Okla. Cr. 466, 172 P. 974; Daley v. State, 23 Okla. Cr. 355, 214 P. 941; Burden v. State, 24 Okla. Cr. 60, 215 P. 1076; Simpson v. State, 29 Okla. Cr. 58, 232 P. 455; Kincaid v. State, 30 Okla. Cr. 290, 237 P. 131.

"Under the statute (Comp. Stats. 1921, sec. 2812), one of the conditions of the appeal bond is that appellant will not depart without leave of the court, and, where it is shown that appellant, after perfecting his appeal, without permission or proper order of the court first obtained, left the jurisdiction of the court, thus voluntarily violating one of the conditions of his appeal bond, he thereby waives the right that was given him to have the judgment of conviction superseded, and it then becomes discretionary for this court to proceed to a determination of the case on its merits, or to dismiss such appeal for that reason.

"In Bryce v. State, 14 Okla. Cr. 456, 172 P. 976, Judge Matson, speaking for the court, says:

" 'If persons who are convicted of crime within this state leave the jurisdiction of this court after taking an appeal without its permission or order, even for a short period of time, they may, with equal right and propriety, leave the court's jurisdiction during the entire pendency of the appeal, and the court, under such circumstances, would be practically helpless to enforce its judgment against them. Persons convicted of crime in courts of record within this state have a right to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal, continually violating the criminal statutes of this state.'

"And see Holden v. State, 14 Okla. Cr. 463, 172 P. 977."

No order of the Criminal Court of Appeals giving the principal, Q. P. McGhee, the right or privilege to absent himself from the jurisdiction of the court appears in the record, in consequence of which fact the appeal is without merit and the judgment of the trial court must be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys Harry O. Glasser, H. G. McKeever, and T. R. Blaine in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Harry O. Glasser, and Mr. H. G. McKeever, and T. R. Blaine, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.