## EARL KILPATRICK v. STATE.

No. A-9758.   Jan. 15, 1941.
(109 P. 2d 514.)

A. W. Billings, of Woodward, and Mauntel & Spellman, of Alva, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.   Plaintiff in error, Earl Kilpatrick, was convicted in the district court of Woodward county, Okla., of the crime of rape, and in accordance with the verdict of the jury was sentenced to serve a term of 15 years in the State Penitentiary.

From the judgment rendered April 13, 1939, an appeal was perfected by filing in this court on October 14, 1939, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal, which reads as follows:

"Comes now the defendant in error and shows to this Honorable Court that on the 13th day of April, 1939, this plaintiff in error was, by the district court and the judge thereof of Woodward county, Okla., sentenced to serve a term of 15 years in the penitentiary at McAlester, Okla. That thereafter, and while out on bond, this defendant left the jurisdiction of this state and went to Hutchinson county, Tex., and was there charged with and arrested for the crime of rape committed upon one Jean Hinds, and the same was committed on the 12th day of June, 1939, and that the said Earl Kilpatrick was in the State of Texas at the time without leave of this Court and in violation of the terms of the appeal bond. These facts are shown by affidavit of the Sheriff and County Attorney of Hutchinson County, Texas, which are hereto attached, marked 'Exhibit A' and made a part hereof. See the case of Evinger v. State, 35 Okla. Cr. 12, 247 P. 416, and Terrell v. State, 24 Okla. Cr. 301, 217 P. 900.

"Wherefore, premises considered, defendant in error moves that said appeal herein pending in this court be dismissed."

The affidavit attached to the state's motion to dismiss the appeal is as follows:

"Before me, the undersigned authority on this day personally appeared Vern Underhill, sheriff of Hutchinson county, Tex., and K. H. Dally, county attorney of Hutchinson county, Tex., each to me personally known who being by me first duly sworn each on oath deposes and says:

"That in their respective capacities as officers of Hutchinson county, Tex., they as such officers arrested the said Earl Kilpatrick, on or about the 12th day of June, 1939, upon a charge of rape; that the said Earl Kilpatrick is at the present time under indictment upon said charge of rape alleged to have been committed upon one Jean Hinds, on or about the said 12th day of June, 1939; that in our investigation of the offense and the character of the defendant we learned that he was under sentence for the crime of rape committed in Woodward county, Okla., on or about the 13th day of March, 1939, said sentence having

been pronounced in Oklahoma on or about the 15th day of April, 1939, prior to his commission of the offense for which he is under indictment in our County.

"(Signed) Vern Underhill
"H. H. Dally

"Subscribed and sworn to before me on this the 19th day of October, 1940.

"(Signed) S. M. Watson
"Notary Public,
"Hutchinson County, Texas."

Upon the hearing of the above motion, the attorneys for the defendant concede the truthfulness of the facts set forth therein, but ask this court as a matter within its discretion to deny the motion to dismiss and to determine the case on its merits.

In Ravenscraft v. State, 12 Okla. Cr. 283, 155 P. 198, this court held:

"When a person is convicted of crime and perfects an appeal to this court, he is not entitled to give a supersedeas bond and leave the jurisdiction without proper orders permitting him to do so."

Under section 3196, O. S. 1931; Laws 1935, p. 20, section 1, 22 Okla. St. Ann. § 1058, it is a condition of defendant's right to appeal that a bond be given as provided in said section, and that the judgment of conviction shall not be superseded except upon the conditions named therein. Therefore, where a supersedeas bond is given, it is strictly upon the condition that the plaintiff in error shall fully observe the conditions named in said bond, and where it is shown, as in this case, that the defendant, after perfecting his appeal, without permission or proper order of the court first obtained, left the jurisdiction of the court, thus voluntarily violating one of the conditions of his supersedeas bond, he thereby waived the right that was given him to have the judgment of conviction superseded,

and it then became discretionary with this court to proceed to a determination of the cause on its merits or to dismiss said appeal for that reason. Bryce v. State, 14 Okla. Cr. 456, 172 P. 976; Kincaid v. State, 30 Okla. Cr. 290, 237 P. 131.

In Bryce v. State, supra [14 Okla. Cr. 456, 172 P. 977], this court said:

"Persons convicted of crime in courts of record within this state have a right to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal * * *." Evinger v. State, 35 Okla. Cr. 12, 247 P. 416.

While there is no express provision of the statute authorizing the dismissal of the appeal on the grounds stated, yet, in the absence of a statute to the contrary, it has been held to be a matter within the discretion of the court whether, under the facts and circumstances admitted, we will consider and determine the appeal. When the defendant left the state he was in the attitude of a fugitive from justice, and thereby waived the right to have his conviction reviewed. We do not think it would subserve the ends of justice to permit a person convicted of crime, enlarged on bond pending the determination of his appeal, to violate the conditions of his bond with impunity. Augusta Earl Herring, alias Earl Herron, alias George Wilson v. State, 71 Okla. Cr. 69, 108 P. 2d 193; Taylor v. State, 27 Okla. Cr. 356, 227 P. 905; Burden v. State, 24 Okla. Cr. 60, 215 P. 1076; Webster v. State, 18 Okla. Cr. 183, 193 P. 431; Bryce v. State, 14 Okla. Cr. 456, 172 P. 976.

Upon the proof supporting the motion to dismiss, we are of the opinion that defendant has waived the right to

have his appeal in this case considered and determined. The appeal herein is therefore dismissed.

BAREFOOT, P. J., and DOYLE, J., concur.