### ROBERT HURT v. STATE.

No. A-9808. July 23, 1941.

(115 P. 2d 919.)

Wayne Wheeling, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis Morris, Co. Atty., and Phil Daugherty, Asst. Co. Atty., both of Oklahoma City, for defendant in error.

JONES, J. Robert Hurt was charged in the court of common pleas of Oklahoma county with the crime of maintaining a public nuisance, was tried, convicted and sentenced to serve a term of 30 days in the county jail and to pay a fine of $100 and costs.

From the judgment rendered against him, an appeal was perfected by filing in this court on January 27, 1940, a petition in error with case-made attached.

Subsequently, the Attorney General filed a motion to dismiss the appeal for the reason that shortly after the conviction of defendant, he departed from the jurisdiction of this court without permission and has not returned; that since his departure, the police department of the city of Oklahoma City have sought the defendant for the purpose of questioning in connection with certain felonies committed in Oklahoma county, and have been unable to

find him in the State of Oklahoma; that he is operating a nightclub in San Antonio, Tex., and will not return to the State of Oklahoma.

The attorney for the defendant filed a response to the motion to dismiss, indicating that the defendant was not a fugitive from the state, and stating that he was ready at any time to appear before the court to answer said application to dismiss said appeal.

Upon the issues thus being joined, the motion was set for hearing, at which time the defendant failed to appear in person, but did appear through his counsel, who stated to the court that he had sought to find the defendant, but had been unable to do so in order to inform him of this hearing. That he had written the defendant at his last known address, and the letter had been returned with a notation that the party had moved and left no forwarding address, and that his said attorney did not know of his whereabouts.

Whereupon, the county attorney of Oklahoma county introduced proof that in the trial of certain felony cases in Oklahoma county statements had been made by some witnesses, indicating that the said Robert Hurt was involved in certain felonies which had been committed in Oklahoma county; that said information was not sufficient in itself to justify the filing of a criminal complaint, but was of such importance that the officers sought the defendant, Hurt, for the purpose of questioning him in connection with said crimes. That they looked for him at various places where he was formerly known to have resided or spent part of his time, but they had been unable to find the said defendant within the State of Oklahoma. That acting upon information received by the police department, the defendant was located in Port Aransas, Tex., but before the police officers of said city

in Texas were notified to pick up the defendant for questioning he had fled. That later the defendant was located in San Antonio, Tex.; but that he had refused the request of the policemen to return to Oklahoma City.

A telegram was introduced in evidence from the district attorney of Bexar county, Tex., in which it is stated that Robert Hurt had leased the Club Trocadero, and was personally in charge of the operation of said club.

In Kilpatrick v. State, 71 Okla. Cr. 125, 109 P. 2d 514, it is held:

"Where a defendant leaves this state without proper permission during the pendency of an appeal to this court, he is in the attitude of a fugitive from justice, and thereby waives the right to have his conviction reviewed. It then becomes a matter within the discretion of this court whether, under the facts and circumstances, the appeal will be considered and determined."

See, also, Bryce v. State, 14 Okla. Cr. 456, 172 P. 976; Kincaid v. State, 30 Okla. Cr. 290, 237 P. 131; Ravenscraft v. State, 12 Okla. Cr. 283, 155 P. 198.

This court is more lenient towards persons convicted of misdemeanors in refusing to sustain motions to dismiss the appeal, where the defendant has left the state pending the appeal, than in felony cases, as in misdemeanor cases the personal presence of the defendant is not always necessary to satisfy the judgment. Even in felony cases, it is not the policy of this court to dismiss an appeal where the proof upon a hearing on a motion to dismiss shows only a short, temporary absence from the state upon lawful business and wholly without intent to evade an order of this court, and the defendant has returned to the state. We favor the disposition of appeals upon their merits; but where it is shown that the defendant has willfully left the jurisdiction of this

court and has committed an act in a foreign state, showing an intention to become a permanent resident of another state, and has failed to keep his attorney advised as to his whereabouts, the defendant has forfeited his right to have his conviction reviewed.

As was stated in Kilpatrick v. State, supra:

"While there is no express provision of the statute authorizing the dismissal of the appeal on the grounds stated, yet, in the absence of a statute to the contrary, it has been held to be a matter within the discretion of the court whether, under the facts and circumstances admitted, we will consider and determine the appeal. When the defendant left the state he was in the attitude of a fugitive from justice, and thereby waived the right to have his conviction reviewed. We do not think it would subserve the ends of justice to permit a person convicted of crime, enlarged on bond pending the determination of his appeal, to violate the conditions of his bond with impunity. August Earl Herring, alias Earl Herron, alias George Wilson, v. State, 71 Okla. Cr. 69, 108 P. 2d 193; Taylor v. State, 27 Okla. Cr. 356, 227 P. 905; Burden v. State, 24 Okla. Cr. 60, 215 P. 1076; Webster v. State, 18 Okla. Cr. 183, 193 P. 431; Bryce v. State, 14 Okla. Cr. 456, 172 P. 976."

Upon the proof submitted by the state, which is considered in connection with the admission made by counsel for defendant, we are of the opinion that the defendant, by his conduct, has become a fugitive from justice and has waived the right to have his appeal in this case considered and determined.

In arriving at this conclusion, we have considered the record, as shown by the case-made, to determine whether there are fundamental errors which deprived defendant of a fair and impartial trial for this offense, and have found none.

The appeal herein is, therefore, dismissed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.