## J. W. KUYKENDALL v. STATE.

No. A-10686.    April 10, 1946.

(168 P. 2d 142.)

Jerome Sullivan, of Duncan, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J.  The defendant, J. W. Kuykendall, was convicted in the district court of Stephens county of the crime of forgery in the second degree, and was sentenced to serve a term of one year in the State Penitentiary.

From the judgment rendered on April 5, 1945, an appeal was perfected by filing in this court on October 4, 1945, a petition in error with case-made attached.

The Attorney General has filed a motion to dismiss the appeal for the reason that after the judgment and sentence was pronounced against the defendant, he left the State of Oklahoma and went to the State of Texas, where he committed a series of offenses similar to the one for which he was convicted in the district court of Stephens county.  That he has been indicted by a grand jury of Hale county, Tex., a grand jury of Dawson county, Tex., and a grand jury of Lynn county, Tex., for the crime of forgery, allegedly committed in October, November, and December, of 1945, in each of said counties, respectively.  That the defendant is now lodged in jail in Dawson county, Texas, and is beyond the jurisdiction of this court.  That he left the State of Oklahoma and went beyond the jurisdiction of this court without the leave of the court and because of his absence from the state, he will be unable to respond to any order or judgment that the Criminal Court of Appeals may issue in regard to his appeal.

A hearing was held before this court on February 13, 1946, at which time, certified copies of indictments which had been filed against the defendant in the State of Texas, for acts committed subsequent to his appeal filed herein, were received in evidence in support of the motion to dismiss the appeal.  There was, also, intro-

duced in evidence in support of the motion to dismiss the appeal a telegram dated February 12, 1946, received by the county attorney of Stephens county, from the clerk of the district court of La Mesa, Tex., in which it is stated that J. W. Kuykendall at that time was incarcerated in the Dawson county jail.

Counsel for the defendant, who was present at the hearing on the motion to dismiss, admitted that his client was in the State of Texas, but stated that he was not there voluntarily, but was taken out of the State of Oklahoma by extradition process from the Governor of Texas, which was honored by the Governor of Oklahoma, and that he will voluntarily respond to the judgment of the Criminal Court of Appeals in the event that his appeal is decided against him.

In Kilpatrick v. State, 71 Okla. Cr. 125, 109 P. 2d 514, it is held:

"Where a defendant leaves this state without proper permission during the pendency of an appeal to this court, he is in the attitude of a fugitive from justice, and thereby waives the right to have his conviction reviewed. It then becomes a matter within the discretion of this court whether, under the facts and circumstances, the appeal will be considered and determined.

"Held, where the defendant, after conviction of the crime of rape and during the pendency of his appeal to this court, left the state without permission and was indicted for a similar offense in another jurisdiction, his appeal should be dismissed."

In Kilpatrick v. State, supra, this court stated in the body of the opinion:

"In Bryce v. State, supra, (14 Okla. Cr. 456, 172 P. [976], 977), this court said: 'Persons convicted of crime in courts of record within this state have a right

to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal * * *.' Evinger v. State, 35 Okla. Cr. 12, 247 P. 416.

"While there is no express provision of the statute authorizing the dismissal of the appeal on the grounds stated, yet, in the absence of a statute to the contrary, it has been held to be a matter within the discretion of the court whether, under the facts and circumstances admitted, we will consider and determine the appeal. When the defendant left the state he was in the attitude of a fugitive from justice, and thereby waived the right to have his conviction reviewed. We do not think it would subserve the ends of justice to permit a person convicted of crime, enlarged on bond pending the determination of his appeal, to violate the conditions of his bond with impunity. Augusta Earl Herring, alias Earl Herron, Alias George Wilson v. State, 71 Okla. Cr. 69, 108 P. 2d 193; Taylor v. State, 27 Okla. Cr. 356, 227 P. 905; Burden v. State, 24 Okla. Cr. 60, 215 P. 1076; Webster v State, 18 Okla. Cr. 183, 193 P. 431; Bryce v. State, 14 Okla. Cr. 456, 172 P. 976."

Upon the proof submitted in support of the motion to dismiss the appeal, it is our opinion that defendant has waived his right to have his appeal considered and determined. The motion of the state to dismiss the appeal is, therefore, sustained and the appeal herein is hereby dismissed.

BAREFOOT, J., concurs. DOYLE, J., not participating.