# FRANK BURTON v. STATE.

No. A-10947.   Dec. 8, 1948.
(200 P. 2d 772.)

Falkenstine & Fisher, of Watonga, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Frank Burton, was charged in the district court of Blaine county with the crime of burglary in the second degree, second offense, was tried, convicted and sentenced to serve five years in the State Penitentiary, and has appealed.

The Attorney General has filed a motion to dismiss the appeal in which it is alleged that subsequent to the conviction in the district court of Blaine county, and while the appeal was pending in this court, the defendant committed the crime of forgery in the second degree, and thereafter, on March 15, 1948, the defendant entered a plea of guilty to said charge of forgery and was sentenced to serve a term of two years imprisonment in the State Penitentiary; that on March 19, 1948, the said defendant, Frank Burton, escaped from the county jail of Custer county at Clinton while awaiting transportation to the State Penitentiary and has not been recaptured, his whereabouts are unknown, and the said Frank Burton has been a fugitive from justice at all times since March 19, 1948, and is therefore unable to appear and respond to any judgment that may be rendered against him on appeal by this court.

A copy of said motion to dismiss was served upon the attorneys for the defendant. Thereafter, the matter came on for hearing before this court, at which time the Attorney General introduced evidence in support of his motion to dismiss and no response was filed to the motion to dismiss and no evidence was introduced on behalf of defendant to refute the allegations of the motion to dismiss.

The Criminal Court of Appeals prefers to determine cases upon their merits and is reluctant to dismiss an appeal for any cause. For that reason, the motion to dismiss the appeal was taken under advisement until a period of five months has now elapsed. The defendant is still a fugitive and it is apparent that he will not appear to respond to the judgment of this court if the appeal is decided against him.

In the case of Kuykendall v. State, 82 Okla. Cr. 228, 168 P. 2d 142, it is stated:

"Where defendant has been convicted and sentenced and perfects an appeal, Criminal Court of Appeals will not consider his appeal unless the defendant is where he can be made to respond to any judgment or order it may render and enter in the case."

In Kilpatrick v. State, 71 Okla. Cr. 125, 109 P. 2d 514, 515, this court stated in the body of the opinion:

"In Bryce v. State, supra, (14 Okla. Cr. 456, 172 P. [976], 977), this court said: 'Persons convicted of crime in courts of record within this state have a right to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal * * *.' Evinger v. State, 35 Okla. Cr. 12, 247 P. 416.

"While there is no express provision of the statute authorizing the dismissal of the appeal on the grounds stated, yet, in the absence of a statute to the contrary, it has been held to be a matter within the discretion of the court whether, under the facts and circumstances admitted, we will consider and determine the appeal. When the defendant left the state he was in the attitude of a fugitive from justice, and thereby waived the right to have his conviction reviewed. We do not think it would subserve the ends of justice to permit a person convicted of crime, enlarged on bond pending the determination of his appeal, to violate the conditions of his bond with impunity. Augusta Earl Herring, alias Earl Herron, alias George Wilson v. State, 71 Okla. Cr. 69, 108 P. 2d 193; Taylor v. State 27 Okla. Cr. 356, 227 P. 905; Burden v. State, 24 Okla. Cr. 60, 215 P. 1076; Webster v. State, 18 Okla. Cr. 183, 193 P. 431; Bryce v. State, 14 Okla. Cr. 456, 172 P. 976."

The proof submitted in support of the motion to dismiss the appeal having affirmatively shown that the defendant is a fugitive from justice, it is our opinion that defendant has waived his right therefore to have his appeal considered and determined. The motion of the state to dismiss the appeal is, therefore, sustained and the appeal is hereby dismissed.

BAREFOOT, P. J., and BRETT, J., concur.