## SHAMBLIN v. STATE.

No. A-11041. Sept. 21, 1949.

(210 P. 2d 197.)

Talbert B. Westmoreland, Sallisaw, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J.   This is a misdemeanor case where the defendant, Benton Shamblin, was charged with the crime of pointing a deadly weapon at other persons, on or about the 18 day of April, 1947.   He was tried before a jury in the county court of Sequoyah county, Okla., on the 3 day of December, 1947, found guilty, with punishment left to the court, and the court assessed punishment of 90 days in jail, and a fine of $500.

An appeal to this court was duly perfected, brief filed, and thereafter the Attorney General filed herein motion to dismiss appeal on the ground that defendant had departed from the State of Oklahoma without leave of the court, and that his whereabouts were unknown.   The motion was supported by a letter from the county attorney of Sequoyah county.   On hearing before this court on May 11, 1949, the motion of the Attorney General was overruled and the state was given 20 days to file a brief.

Ordinarily, the appeal herein would be dismissed. See: Hurt v. State, 72 Okla. Cr. 318, 115 P. 2d 919, and Herring v. State, 71 Okla. Cr. 69, 108 P. 2d 193.   But a casual examination of the record disclosing so much fundamental error, the court in the exercise of its discretion decided to proceed to a decision of the cause.

The Attorney General has orally expressed to the court his intention not to file a brief because of the strength of the defendant's position, both from the evidentiary as well as the legal standpoint.

Under the circumstances stated, we have, in the face of the absence from this jurisdiction of the defendant, seen fit to carefully examine the record, and find that

35

the defendant did not have a fair trial, due to the admission of incompetent evidence concerning other charges then pending against defendant in the county court of Sequoyah county, and by further reason of misconduct on the part of the county attorney in striking or striking at the defendant in the presence of the jury and while defendant was on the witness stand.

For the reasons stated, the judgment of the county court of Sequoyah county is reversed, and the defendant is granted a new trial.

JONES, P. J., and BRETT, J., concur.