Leon Charles BRIGMAN, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant In Error.

No. A–12799.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1960.

**322**

Louie Gossett, Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Leon Charles Brigman, plaintiff in error, defendant below, from a conviction of second degree burglary. 21 O.S.1951 § 1435. The action was lodged in the District Court of Bryan County, Oklahoma, by information. The defendant was tried by a jury, convicted, and his punishment fixed at two years in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

■■ The Attorney General has moved to dismiss the appeal for the reason the defendant has removed himself from the state. This Court has held in many cases it will not consider an appeal by a defendant unless the defendant is where he can respond to its order. This is a matter, however, within the discretion of the appellate court, whether it will proceed to dismiss the action or render a decision on the merits. Bryce v. State, 14 Okl.Cr. 456, 172 P. 976; Holden v. State, 14 Okl.Cr. 463, 172 P. 977; Webster v. State, 18 Okl. Cr. 183, 193 P. 431; Burden v. State, 24 Okl.Cr. 60, 215 P. 1076; Taylor v. State, 27 Okl.Cr. 356, 227 P. 905. Ordinarily, the appeal under such conditions will be dismissed, Hurt v. State, 72 Okl.Cr. 318, 115 P.2d 919; Herring v. State, 71 Okl.Cr. 69, 108 P.2d 193; but in a case where there is fundamental error disclosed by the rec-

ord, in the exercise of its discretion this Court may proceed to a decision on the merits. Rushing v. State, 86 Okl.Cr. 241, 190 P.2d 828; Shamblin v. State, 90 Okl. Cr. 33, 210 P.2d 197.

There is fundamental error in this record in that an alternate, or thirteenth juror was permitted to retire to the jury room and participate in the deliberations with the twelve lawfully assembled in the jury room. This is made evident by transcript of the proceedings in the lower court, filed by leave of this Court. In the trial court's opinion and order overruling the defendant's motion for new trial on the above ground, the following recital appears:

"As in the case at bar—all jurors testified they did not know the 13th juror was present—that he took no part in the discussion—that he participated in only one (1) ballot—that this ballot was more favorable to the defendant and accused than any ballots taken—that as quickly as one ballot was had the court ordered the jurors back into open court where it was ascertained there were 13 jurors in the room—that the court then ordered the 13th juror discharged and sent the 12 jurors back to deliberate.

"As quickly as the defense counsel entered his objection to the presence of the 13th juror—which presence was discovered after only one (1) ballot was had and taken by the said jurors— the 13th juror was removed and the 12 jurors were sent back to the jury room to deliberate."

■ It thus clearly appears that the 13th juror did participate in the deliberations at least to the extent of the first ballot. That that ballot may have been the most favorable to the defendant is beside the issue. The defendant's fundamental rights had been violated in that the alternate juror had been permitted to participate in the jury's deliberations at all. Under the provisions of the statute, 22 O.S. 1951 § 601a, when the case was originally submitted to the jury he became a legal

dead limb and should have been immediately discharged from further consideration of the case. The 13th juror, under the statute, could only participate in the deliberations in the event of illness or death of one of the 12 regular jurors, before submission of the cause to them. So far as his presence in the jury room after the case was submitted was concerned, he was an outsider. His presence was an intrusion upon the privacy of and constituted a breach of the jury's confidence. This being a felony case, the defendant, under the constitution was entitled to have his case deliberated over by 12 jurors and no more. This right existed at common law and was written into the Constitution of Oklahoma, Art. 2, Sec. 19. Under the law, the case was not to be submitted to the 13th juror for his consideration. The fact that he did cast a ballot is proof of his consideration of the issues and his deliberation with the 12 lawfully entitled to be in the jury room. Under both the Constitution and the statute, as well as the cases on the subject, the 13th juror's function was at an end when the case was submitted to the 12, and his presence in the jury room constituted reversible error. People v. Bruneman, 4 Cal.App.2d 75, 40 P.2d 891; Woods v. Commonwealth, 287 Ky. 312, 152 S.W.2d 997; 50 C.J.S. Juries § 123d, p. 842.

■ The Oklahoma Constitution provides that an accused in any case may waive a jury of 12 and consent to be tried by the court without the aid of a jury. Art. 7, Sec. 20. Under this provision this Court has held the accused may be tried by a number of jurors less than 12, when he so consents. Ex parte Hollingsworth, 46 Okl.Cr. 353, 287 P. 840. Nowhere, however, in either the Constitution or the statutes is there any provision for deliberation by a jury composed of more than 12 jurors. The provisions of Art. 2, Sec. 19, Okl. Const., clearly say that the right to trial by jury shall be and remain inviolate. To permit participation in the jury room of the alternate juror would constitute a vio-

lation of the Constitutional limitation of 12 jurors.

For the foregoing reason, the judgment of conviction is reversed and the cause remanded to the District Court of Bryan County, Oklahoma, for a new trial.

POWELL, P. J., and NIX, J., concur.