**Norma Jean YANCEY and John Jonah Haynes, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

Nos. F-79-519, F-79-520.

Court of Criminal Appeals of Oklahoma.

Feb. 1, 1982.

Rehearing Denied Feb. 26, 1982.

Ronald V. Collier, Hennessey, for appellant Yancey.

Gary P. Snow, Holdenville, for appellant Haynes.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Crim. Appellate Division, Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Norma Jean Yancey and John Jonah Haynes have appealed to this Court from their convictions of Murder in the First Degree in the District Court of Okfuskee County, Case No. CRF-78-25. Oral argument was heard in this Court on December 16, 1981. They raise several alleged errors, and one of them requires reversal.

When the jury retired to deliberate, the trial judge did not dismiss the alternate juror. That person then retired to the jury room with the twelve regular jurors and stayed with them until they had reached a verdict. (She later asserted that she had

not taken any part in the deliberations.) When the trial judge discovered what had happened, he dismissed the alternate juror and sent the jury back to the jury room to reconsider their verdict. The appellants claim that this incident necessitates a new trial.

The issue in this case is not the number of persons on the jury.[1] The issue is the privacy of the jury room and the confidentiality of the jury's deliberations. Whether or not the alternate juror took part in the jury's deliberations, she witnessed the entire deliberative process.

The presence of an unauthorized person in the jury room is ground for reversal. *Foreman v. State*, 370 P.2d 34 (Okl.Cr. 1962); *Miles v. State*, 602 P.2d 227 (Okl.Cr. 1979). We adhere to the holding of the Supreme Court of Washington that permitting the presence of an alternate juror in the jury room constitutes reversible error even absent proof of resulting prejudice to the appellant and absent an objection by defense counsel. *State v. Cuzick*, 85 Wash.2d 146, 530 P.2d 288 (1975). That opinion was based on the maintenance of jury secrecy, characterized as a constitutional issue. Citing *United States v. Beasley*, 464 F.2d 468 (10th Cir. 1972); *United States v. Virginia Erection Corp.*, 335 F.2d 868 (4th Cir. 1964); *Brigman v. State*, 350 P.2d 321 (Okl.Cr.1960). Further, the Washington court held that prejudice was presumed absent affirmative proof by the State that no prejudice resulted.

In the case before this Court, the State made no effort to demonstrate that the appellants were not prejudiced. At the trial, the judge merely sent the jury back to the jury room for further deliberations, and at the sentencing proceeding the State did not even argue the point after the appellants had raised it in arguing their motions for a new trial.

1. Article 2, Sec. 19, of the Okla.Const., sets the number at twelve for felony trials. In *Swift v. State*, 510 P.2d 286 (Okl.Cr.1973), this Court held it a violation of the State Constitution to allow an eleven-person jury to return a verdict over the defendant's objection. And in *Brigman v. State*, 350 P.2d 321 (Okl.Cr.1960), this

The convictions are reversed and remanded to the district court for a new trial.

BUSSEY and CORNISH, JJ., concur.

Court held it a violation of the State Constitution for thirteen jurors to deliberate a defendant's fate. *Brigman* is close to the present case. There the alternate juror's participation was limited to voting in the first ballot, after which the jury was called back into the courtroom and the alternate juror was dismissed.