## E. R. BRYCE v. STATE.

No. A-2344.   Opinion Filed May 18, 1918.

(172 Pac. 976.)

1. **APPEAL AND ERROR—Supersedeas Bond—Breach.** Where a person is convicted of crime, and perfects an appeal to the Criminal Court of Appeals, he is not entitled to give a supersedeas bond, and leave the jurisdiction without proper orders permitting him to do so.

2. **SAME—Disposition of Case.** When a person who has been convicted of a crime appeals and gives bond to stay the execution of the sentence during the pendency of the appeal, and violates the conditions of his bond by leaving the state without leave of court, it is within the discretion of the court whether it will proceed to a decision of the cause, or dismiss the appeal.

*Appeal from District Court, Cleveland County;*

*R. McMillan, Judge.*

E. R. Bryce (Brice) was convicted of the crime of obtaining property under false pretenses, and he appeals. Appeal dismissed.

*Pruiett & Sniggs,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., for the State.

MATSON; J.   Plaintiff in error was convicted in the district court of Cleveland county of the crime of obtaining property under false pretenses, and was sentenced to serve a term of three years in the state penitentiary. Appeal was taken from said judgment of conviction to this court, which was lodged in this court on the 1st day of October, 1914, and subsequently submitted for decision. After the submission of said cause, and while same was pending for decision, the Attorney General filed a motion to dismiss the appeal, which is as follows:

"Comes S. P. Freeling, Attorney General for the State of Oklahoma, and moves the court to dismiss the appeal in the above styled and mentioned case, and for reason for so doing says: Said E. R. Brice was convicted in the district court of Cleveland county, Okla., and the verdict and judgment was appealed to this court October. 1, 1914. Since that time said Brice has been out of the custody of the sheriff of that county, and on bond. Your Attorney General has learned that the said Brice (who sometimes spells his name Bryce and sometimes Brice), during the existence of said bond, and during November, and February of 1917, and 1918, has left the jurisdiction of the State of Oklahoma, and put himself under the jurisdiction of the courts of Texas, another and a different state. More than that, on both dates he was engaged in the violation of the law of each of said states. Thus, this court lost jurisdiction over said Brice, and his bondsmen in this state lost jurisdiction of his person, and he himself voluntarily changed the whole relation of all said parties by going out of the State of Oklahoma into another state. As evidence of this change, your Attorney General files the affidavit of J. D. Key, sheriff of Wilbarger county, Texas, marked and filed as Exhibit A hereto, and the affidavit of J. M. Edwards, a constable of said county in Texas, showing the absence of said Brice from the State of Oklahoma, and of his presence in Texas, in open violation of the laws of both states, during the pendency of said bond. Wherefore, your Attorney General prays that said cause be dismissed. The affidavit of said Edwards is marked as Exhibit B hereto, and both said exhibits are made a part of this petition.

"S. P. FREELING, *Atty. Gen.*"

This motion is supported by the affidavits of one J. D. Key, the sheriff of Wilbarger county, Tex., and one J. M. Edwards, constable of precinct No. 5 of Wilbarger county, Tex., which fully sustain all of the allegations contained in the motion to dismiss, and in addition show that this

plaintiff in error has left the State of Oklahoma without leave of this court during the pendency of this appeal; that he has repeatedly since the pending of this appeal not only left the jurisdiction of this court in violation of his supersedeas bond, but that he has done so for the purpose of enabling him to violate the prohibitory liquor laws of this state. The conditions of his appeal bond are provided by section 5995, Rev. Laws 1910, as follows:

"If an appeal is taken and the appeal bond given as provided in the preceding section, said bond shall be conditioned that the defendant will appear, submit to and perform any judgment rendered by the Criminal Court of Appeals or the court in which the original judgment was rendered in the further progress of the cause, and will not depart without leave of the court. If no bond be given the appeal shall not stay execution of the judgment, except in capital cases or where otherwise specifically provided by law. If pending the appeal the bond be given a further execution of the judgment shall be stayed and the defendant released pending the determination of the appeal. In all cases where the sentence is for a crime not bailable the defendant shall be confined in the penitentiary pending the appeal."

The motion to dismiss the appeal was set for hearing on the 11th day of April, 1918, at which time counsel for plaintiff in error filed a reply to said motion, but counsel admits therein that since the taking of the appeal defendant has left the jurisdiction of this court without obtaining any proper order permitting him to do so, but says that his absence was only temporary and for business reasons.

In the case of *Lot Ravenscraft v. State*, 12 Okla. Cr. 283, 155 Pac. 198, this court held:

"When a person is convicted of crime and perfects an appeal to this court, he is not entitled to give a super-

sedeas bond and leave the jurisdiction without proper orders permitting him to do so."

Under section 5995, *supra,* and as held in *Ravenscraft v. State, supra,* it is a condition of plaintiff in error's right to appeal that a bond be given as provided in said section, and that the judgment of conviction shall not be superseded except upon the conditions named therein. Therefore, where a supersedeas bond is given, it is strictly upon the condition that the plaintiff in error shall fully observe the conditions named in said bond, and where it is shown, as in this case, that the plaintiff in error, after perfecting his appeal, without permission or proper order of the court first obtained, left the jurisdiction of the court, thus voluntarily violating one of the conditions of his supersedeas bond, he thereby waived the right that was given him to have the judgment of conviction superseded, and it then became discretionary with this court to proceed to a determination of the cause on its merits or to dismiss said appeal for that reason.

If persons who are convicted of crime within this state leave the jurisdiction of this court after taking an appeal without its permission or order, even for a short period of time, they may, with equal right and propriety, leave the court's jurisdiction during the entire pendency of the appeal, and the court, under such circumstances, would be practically helpless to enforce its judgment against them. Persons convicted of crime in courts of record within this state have a right to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to

roam at large pending such appeal, continually violating the criminal statutes of this state.

Where, on motion to dismiss the appeal, a showing is made by the state such as in this case, this court, in the exercise of its discretion, may dismiss the same.

For the reasons above stated, the appeal is dismissed. Mandate forthwith.

DOYLE, P. J., and ARMSTRONG, J., concur.