### DAVE SIMPSON v. STATE.

No. A-4720.  Opinion Filed Jan. 20, 1925.
(232 Pac. 455.)

(Syllabus.)

1. **Appeal and Error—Dismissal—Discretion of Appellate Court Where Appellant Violates Bond by Leaving State.** Where a convicted defendant appeals and gives bond to stay the execution of the sentence during the pendency of the appeal, and violates the conditions of his bond by leaving the state without leave of court, it is within the discretion of the court whether it will proceed to a decision of the cause or dismiss the appeal.

2.     **Same—Necessity for Appellant's Location Enabling Court to Enforce Judgment.** Where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case.

Appeal from District Court, Comanche County; A. S. Wells, Judge.

Dave Simpson was convicted of grand larceny, and he appeals. Appeal dismissed.

J. F. Thomas, for plaintiff in error.

George F. Short, Atty. Gen., G. B. Fulton, Asst. Atty. Gen., and Fletcher Riley, Co. Atty., for the State.

DOYLE, J. In the information in this case appellant, Dave Simpson, and George C. Castor were charged with the theft of a Ford sedan, the property of W. R. Slover. Upon his separate trial appellant Dave Simpson was found guilty the jury leaving his punishment to be fixed by the court. December 12, 1922, the court rendered judgment, sentencing appellant to imprisonment in the penitentiary for a term of five years. From the judgment an appeal was taken by filing in this court on June 8, 1923, a petition in error with case-made.

December 17, 1924, the Attorney General filed a motion to dismiss the appeal on the ground that shortly after the filing of the appeal bond in this case appellant left Oklahoma and went to the state of Texas, and is now a fugitive from justice. This motion is supported by the affidavit of the then county attorney, Fletcher Riley.

Counsel for appellant filed a reply to said motion, but admits therein that appellant left the jurisdiction of this court without obtaining any proper order permitting him to do so, and has not yet returned.

In Ravenscraft v. State, 12 Okla. Cr. 283, 155 P. 198, this court held:

"When a person is convicted of crime and perfects an appeal to this court, he is not entitled to give a supersedeas bond and leave the jurisdiction without proper orders permitting him to do so."

Under the statute (Comp. Stats. 19921, § 2812) one of the conditions of the appeal bond is that appellant will not depart without leave of court, and, where it is shown that appellant, after perfecting his appeal, without permission or proper order of the court first obtained, left the jurisdiction of the court, thus voluntarily violating one of the conditions of his appeal bond, he thereby waives the right that was given him to have the judgment of conviction superseded, and it then becomes discretionary for this court to proceed to a determination of the case on its merits, or to dismiss such appeal for that reason.

In Bryce v. State, 14 Okla. Cr. 456, 172 P. 976, Judge Matson, speaking for the court, says:

"If persons who are convicted of crime within this state leave the jurisdiction of this court after taking an appeal without its permission or order, even for a short period of time, they may, with equal right and propriety, leave the court's jurisdiction during the entire pendency of the appeal, and the court, under such circumstances, would be practically helpless to enforce its judgment against them. Persons convicted of crime in courts of record within this state have a right to appeal to this court, but such appeal must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal, continually violating the criminal statutes of this state."

And see Holden v. State, 14 Okla. Cr. 463, 172 P. 977.

Upon the uncontroverted facts appellant has waived

his right to have his appeal in this case considered and determined.

The appeal is therefore dismissed and the cause remanded to the trial court.

BESSEY, P. J., and EDWARDS, J., concur.