## AUGUSTA EARL HERRING v. STATE.

No. A-9952.   Dec. 11, 1940.
(108 P. 2d 193.)

Laynie W. Harrod, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error, Augusta Earl Herring, alias Earl Herron, alias George Wilson, was convicted in the district court of Oklahoma county of the

crime of attempted burglary in the second degree, after former conviction of a felony, and in accordance with the verdict of the jury was sentenced to confinement in the state penitentiary at McAlester for the term of four years.

From the judgment rendered April 17, 1940, an appeal was perfected by filing in this court on October 15, 1940, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal, in part as follows:

"That plaintiff in error has, without leave of court, left the State of Oklahoma and gone to Arkansas, that on or about the 9th of November, 1940, while driving a car with a load of whisky in or near McGehee, Desha county, Arkansas, he had a wreck and is being held by the authorities in the State of Arkansas for a violation of the law in that jurisdiction.

"Defendant in error would further show that plaintiff in error has been previously convicted of several crimes, part of his criminal record being as shown by 'Exhibit A' hereto attached. (Transcript of the record, State Department of Public Safety.)

"In addition to the crime record as shown by 'Exhibit A', said plaintiff in error was convicted in the district court of Johnston county, on or about September 30, 1940 on a charge of burglary and was sentenced to imprisonment for four years, in which case an appeal is now being perfected; in addition, he stands charged by information in Johnston county for knowingly receiving stolen property; and stands charged for second degree burglary in the district court of Murray county, set for November 29, that on said date he failed to appear for arraignment, and his appearance bond was forfeited and bench warrant issued for his arrest.

"Wherefore, premises considered, defendant in error respectfully asks that said appeal may be dismissed."

A hearing was had upon said motion before the court on December 9th, at which time counsel for plaintiff in error appeared with plaintiff in error in person.

Plaintiff in error as a witness in his own behalf admitted all the allegations of the motion to dismiss, and in addition thereto admitted that he had left the state without leave of court during the pendency of this appeal, on business trips to the states of Missouri and Texas, temporary visits only, but stated that he has at no time been a fugitive from justice, and had at no time left the jurisdiction of this court in order to defeat the enforcement of any judgment which might be rendered against him; that he returned from the state of Arkansas yesterday, December 8th, in order to be present at this hearing.

Under the Constitution and the Code of Criminal Procedure of our state, an appeal may be taken to this court by any person convicted of a crime as a matter of right, and under the Constitution the Legislature may prescribe the mode in which the right may be exercised.

Our Code provides that if the crime of which the defendant is convicted be a bailable one, the defendant may give an appeal bond, and the bond shall stay execution of the sentence during the pendency of the appeal. Section 3195, 22 Okla. St. Ann. § 1057.

Our Code further provides:

"If an appeal is taken and the appeal bond given as provided in the preceding section, said bond shall be conditioned that the defendant will appear, submit to and perform any judgment rendered by the Criminal Court of Appeals or the court in which the original judgment was rendered in the further progress of the cause, and will not depart without leave of the court." Section 3196, 22 Okla. St. Ann. § 1058.

The uniform holding of this court is that where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider his appeal unless the defendant is where he can be made to respond to any

judgment or order it may render and enter in the case. Belcher v. State, 9 Okla. Cr. 50, 130 P. 515; Holden v. State, 14 Okla. Cr. 463, 172 P. 977; Morgan v. State, 14 Okla. Cr. 466, 172 P. 974; Webster v. State, 18 Okla. Cr. 183, 193 P. 431; Simpson v. State, 29 Okla. Cr. 57, 232 P. 455; Kincaid v. State, 30 Okla. Cr. 290, 237 P. 131.

In Evinger v. State, 35 Okla. Cr. 12, 247 P. 416, 417, it is said:

"Where it is shown that appellant, after perfecting his appeal, without permission or proper order of the court first obtained, left the jurisdiction of the court, thus voluntarily violating one of the conditions of his appeal bond, he thereby waives the right that was given him to have the judgment of conviction superseded, and it then becomes discretionary for this court to proceed to a determination of the case on its merits, or to dismiss such appeal for that reason."

In Morgan v. State, supra, this court held:

"Where a defendant has been convicted and appeals from the judgment and sentence, this court will not consider his appeal unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case, and, where he leaves the state and is convicted of crime in another state pending the determination of his appeal, this court will on proper motion dismiss the appeal."

In Bryce v. State, 14 Okla. Cr. 456, 172 P. 976, 977, it is said:

"If persons who are convicted of crime within this state leave the jurisdiction of this court after taking an appeal without its permission or order, even for a short period of time, they may, with equal right and propriety, leave the court's jurisdiction during the entire pendency of the appeal, and the court, under such circumstances, would be practically helpless to enforce its judgment against them. Persons convicted of crime in courts of

record within this state have a right to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal, continually violating the criminal statutes of this state."

While there is no express provision of the statute authorizing the dismissal of an appeal on the grounds stated, yet, in the absence of a statute to the contrary, the rule is well settled that it is a matter within the discretion of the court whether, upon the uncontroverted facts, plaintiff in error has waived his right to have his appeal considered and determined.

The plaintiff in error each time he left the state was in the attitude of a fugitive from justice, and thereby waived the right to have his conviction reviewed. We do not think it would subserve the ends of justice to permit a person convicted of crime, enlarged on bond pending the determination of his appeal, to violate the conditions of his bond with impunity, and where it is conclusively shown, as in this case, that plaintiff in error has been persistent in violating the conditions of his bond, his appeal should be dismissed.

The appeal is therefore dismissed and the case remanded to the trial court, and it is ordered that the judgment and sentence of the district court herein be carried into execution. Mandate forthwith.

BAREFOOT and JONES, JJ., concur.