# TOM MANN v. STATE.

No. A-10092. Dec. 3, 1941.
(119 P. 2d 879.)

Holmes H. Colbert, of Sulphur, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Tom Mann, was charged by information in the district court of Murray county, on November 16, 1939, with the offense of unlawful possession of intoxicating liquors, second offense, was tried, convicted, and sentenced to serve a term of two years in the State Penitentiary at McAlester and to pay a fine of $50 and costs, from which judgment and sentence he appeals to this court.

On October 20, 1941, the Attorney General filed a motion in this court to dismiss this appeal, stating:

"That plaintiff in error herein has, without leave of the court, left the State of Oklahoma and gone to Missouri and was indicted on July 11, 1941, by federal grand jury sitting in the Eastern District of Missouri and

thereafter on July 14, 1941, entered a plea of guilty in federal court in the Eastern Judicial District of Missouri and was sentenced to serve 244 days in jail and fined $500.00. That said supersedeas bond filed in this case as required by Section 3196, O. S. 1931, as amended by Article 5, chapter 19 [17], Session Laws 1935, 22 Okla. St. Ann. § 1058, provided among other things that the plaintiff in error 'shall not depart without leave of the court' and that said permission for plaintiff in error has not been granted by this court to leave the State of Oklahoma."

Attached to the state's motion to dismiss is a certified copy of the judgment and commitment of defendant in the District Court of the United States, Eastern District of Missouri, Southeastern Division, which is in substance as set out in said motion to dismiss.

Defendant was not given permission by this court to leave the state; and this case, after being set for hearing upon the motion to dismiss on November 13, 1941, was submitted upon the record and motion of the Attorney General.

In Herring v. State, 71 Okla. Cr. 69, 108 P. 2d 193, 194, this court held:

"Where a defendant has been convicted and appeals from the judgment and sentence, this court will not consider his appeal unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case, and, where he leaves the state and is convicted of crime in another state pending the determination of his appeal, this court will on proper motion dismiss the appeal."

See, also, Kilpatrick v. State, 71 Okla. Cr. 125, 109 P. 2d 514; Evinger v. State, 35 Okla. Cr. 12, 247 P. 416.

We are of the opinion that, under the holdings of this court, the defendant has waived his right to have his appeal in this case considered and determined.

The appeal is therefore dismissed.

BAREFOOT, P. J., and DOYLE, J., concur.