## LEON SANFORD v. STATE.

No. A-10010.   Dec. 2, 1942.

(131 P. 2d 770.)

Glen O. Morris and Robt. R. Rittenhouse, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case filed in the common pleas court of Oklahoma county, on February 14, 1940, in substance charges that in Oklahoma county on the 5th day of February, 1940, Leon Sanford did have in his possession 24 pints of tax-paid liquor, with the unlawful intent to sell the same.

On October 14, 1940, the case came on for trial. A jury having been waived the case was tried to the court. At the close of the evidence the court announced that the defendant is found guilty as charged in the information.

On November 4, 1940, the defendant's motion for new trial was overruled and the court sentenced the defendant to serve 30 days in the county jail and to pay a fine of $50 and costs. Appeal was taken from the judgment of conviction by filing the petition in error with case-made in this court February 8, 1941.

After the submission of said cause on briefs September 25, 1941, and while the same was pending for decision, the Attorney General, on October 1, 1942, filed

motion to dismiss the appeal, "For the reason that on the 6th day of July, 1942, this plaintiff in error was convicted in the U. S. District Court, Western District of Oklahoma, and committed to prison, and is now incarcerated in the Federal Correctional Institution, at Texarkana, Texas."

Annexed thereto is Exhibit "A", in support of this motion a duly certified copy of judgment and commitment, showing return of marshal, filed July 20, 1942, in case No. 13952, Criminal, United States v. Leon Sanford et al., Defendant. Also Exhibit "B", the following letter:

"Department of Justice
"United States Attorney
"Western District of Oklahoma
"Oklahoma City
"September 30, 1942.

"Mr. Jess L. Pullen,
"Assistant Attorney General,
"State Capitol,
"Oklahoma City, Oklahoma.

"Re: United States vs Leon Sanford, et al. No. 13952-Criminal.

"Dear Sir:

"Complying with your request by telephone, please find enclosed herein a certified copy of the Judgment and Sentence in the above styled matter as to the defendant, Leon Sanford. This defendant stood trial, was convicted and the maximum sentence of two years and $10,000 fine was imposed. No appeal has been taken and he is presently incarcerated at the Federal Correctional Institution at Texarkana, Texas. We trust that this is the information desired by you, however in the event you need anything further, please feel free to call on us.        "Very truly yours,
"For The United States Attorney.
"(Signed)   William W. Godlove,
"WWG.es            Assistant United States Attorney.
"Encl :1."

Code of Criminal Procedure, Title 22 O. S. 1941 § 1058, first part, prescribes the conditions of an appeal bond as follows:

"If an appeal is taken and the appeal bond given as provided in the preceding Section, said bond shall be conditioned that the defendant will appear, submit to and perform any judgment rendered by the Criminal Court of Appeals or the court in which the original judgment was rendered in the further progress of the cause, and will not depart without leave of the court." R. L. 1910, § 5995, Laws 1935 p. 20, § 1.

Under this section, where a supersedeas bond is given, it is strictly upon the condition that the appellant shall fully observe conditions named in said bond, and where it is shown, as in this case, that appellant after perfecting his appeal and while the same was pending committed an offense against the federal laws, and was tried, convicted and sentenced in the United States District Court, Western District of Oklahoma, and is now serving a sentence of two years imprisonment in a prison outside the state, he thereby waives the right given to him to have the judgment of conviction superseded, and then it becomes discretionary with this court to proceed with a determination of the case on its merits or dismiss said appeal for that reason. Kincaid v. State, 30 Okla. Cr. R. 290, 237 P. 131.

In the case of Tyler v. State, 3 Okla. Cr. 179, 104 P. 919, 921, 26 L. R. A., N. S., 921, we said:

"While it is the constitutional right of the accused, in a criminal prosecution 'to be heard by himself and counsel' [Const. Art. 2, sec. 20], it must be held, we think, that he has no right to appear by counsel alone after he has escaped from lawful custody and is at large."

In Bryce v. State, 14 Okla. Cr. 456, 172 P. 976, 977, it is said:

"If persons who are convicted of crime within this state leave the jurisdiction of this court after taking an appeal without its permission or order, even for a short period of time, they may, with equal right and propriety, leave the court's jurisdiction during the entire pendency of the appeal, and the court, under such circumstances, would be practically helpless to enforce its judgment against them. Persons convicted of crime in courts of record within this state have a right to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal, continually violating the criminal statutes of this state."

In Herring v. State, 71 Okla. Cr. 69, 108 P. 2d 193, 195, we said:

"While there is no express provision of the statute authorizing the dismissal of an appeal on the grounds stated, yet, in the absence of a statute to the contrary, the rule is well settled that it is a matter within the discretion of the court whether, upon the uncontroverted facts, plaintiff in error has waived his right to have his appeal considered and determined."

And see Tydings v. State, 4 Okla. Cr. 659, 112 P. 759; Morey v. State, 6 Okla. Cr. 166, 117 P. 724; Holden v. State, 14 Okla. Cr. 463, 172 P. 977; Webster v. State, 18 Okla. Cr. 183, 193 P. 431; Simpson v. State, 29 Okla. Cr. 57, 232 P. 455.

In the case of Collins v. State, 169 Okla. 486, 37 P. 2d 827, the Supreme Court held:

"Where a defendant, after perfecting his appeal to the Criminal Court of Appeals, without permission or proper order of that court first obtained, absents himself from the jurisdiction of the court, he thereby violates one of the conditions of his appeal bond."

Held further:

"A defendant in a criminal action, having given a supersedeas bond upon appeal, is not entitled to leave the jurisdiction without proper order to do so."

In the opinion it is said neither "the county attorney, the trial court, or the Attorney General may extend such privilege to a defendant in a criminal action pending upon appeal in the Criminal Court of Appeals."

It follows that upon the proof supporting the motion to dismiss the appeal, that plaintiff in error has waived the right to have his appeal in this case considered and determined.

For the reasons above stated, the appeal is dismissed and the cause remanded to the trial court. Mandate forthwith.

BAREFOOT, P. J., and JONES, J., concur.