### CARL PAYNE v. STATE.

No. A-10452.    May 24, 1944.

(149 P. 2d 272.)

Wall & Green, of Sallisaw, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jess L. Pullen and J. Walker Field, Asst. Attys. Gen., and R. O. Ingle, Co. Atty., of Sallisaw, for defendant in error.

JONES, P. J. The defendant, Carl Payne, was charged in the district court of Sequoyah county with the crime of grand larceny, was tried, convicted and sentenced to serve three years in the State Penitentiary.

An appeal from this judgment was filed in this court on October 26, 1943. On April 19, 1944, the Attorney General filed a motion in this court to dismiss the appeal in which he alleged that the plaintiff in error, subsequent to the filing of the appeal in this court, was charged by preliminary complaint in Sequoyah county with the crime of burglary in the second degree; that after the filing of said preliminary complaint the defendant fled from the State of Oklahoma to the State of California. That he was arrested at Bakersfield, Calif., and at the time of the filing of said motion was still incarcerated in the county jail at Bakersfield, Calif. That no permission to leave the state had ever been granted to defendant and that as one of the conditions of the appeal bond filed herein it was

provided that said defendant, during the pendency of this appeal, "shall not depart without leave of the court."

A copy of the motion and the order of this court setting it for hearing on May 22, 1944, were served upon the defendant and his counsel of record in this cause. No response to said motion has been filed by defendant and no appearance was made at the time said motion came on for hearing.

The proof of the state offered at the hearing on the motion to dismiss substantiated the allegations of their motion to dismiss the appeal.

In Evinger v. State, 35 Okla. Cr. 12, 247 P. 416, it is stated:

"Where a convicted defendant appeals and gives bond to stay the execution of the sentence during the pendency of the appeal, and violates the conditions of his bond by leaving the state without leave of court, it is within the discretion of the court, whether it will proceed to a decision of the cause or dismiss the appeal.

"Where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case."

In Bryce v. State, 14 Okla. Cr. 456, 172 P. 976, 977, Judge Matson, speaking for the court, says:

"If persons who are convicted of crime within this state leave the jurisdiction of this court after taking an appeal without its permission or order, even for a short period of time, they may, with equal right and propriety, leave the court's jurisdiction during the entire pendency of the appeal, and the court, under such circumstances, would be practically helpless to enforce its judgment against them. Persons convicted of crime in courts of

record within this state have a right to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal, continually violating the criminal statutes of this state."

See, also, Mann v. State, 73 Okla. Cr. 245, 119 P. 2d 878; Herring v. State, 71 Okla. Cr. 69, 108 P. 2d 193; Kilpatrick v. State, 71 Okla. Cr. 125, 109 P. 2d 514.

Upon consideration of this matter we are of the opinion that the defendant, by his conduct, has waived his right to have his appeal in this case considered and determined.

The appeal is therefore dismissed.

BAREFOOT, J., concurs.   DOYLE, J., not participating.