## ROBERT LOWELL ROGERS v. STATE.

No. A-10862.   Oct. 15, 1947.

(185 P. 2d 930.)

Alfred B. Knight, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Elmer W. Adams, Co. Atty., of Tulsa, for defendant in error.

JONES, J. The defendant, Robert Lowell Rogers, was charged in the district court of Tulsa county with the crime of burglary in the second degree, was tried, convicted, and sentenced to serve six years in the State Penitentiary.

An appeal from this judgment was filed on April 3, 1947. On May 9, 1947, the Attorney General filed a motion in this court to dismiss the appeal in which he alleged that the defendant after judgment and sentence was pronounced against him in the trial court was enlarged on bail pending his appeal. That subsequent to the filing of the appeal in this court, the defendant committed the crime of burglary at Princeton, Ill., and was then incarcerated in the jail at Princeton, Ill.

Subsequently an amended motion to dismiss the appeal was filed in which it was alleged that on June 10, 1947, the defendant, Robert Lowell Rogers, entered his

plea of guilty to an indictment charging him with the crime of burglary in the Circuit Court of Bureau county, Illinois, and was sentenced to serve a minimum period of five years or a maximum period of ten years imprisonment in the State Penitentiary and was thereafter transported to and is now incarcerated in the State Penitentiary in Illinois. Attached to and made a part of the motion to dismiss is a certified copy of all the proceedings against the defendant in the Circuit Court of Bureau county, Illinois, which shows the plea of guilty and sentence as alleged by counsel for the state.

After the motion to dismiss the appeal was filed and copy served on counsel for the defendant, said case was set for hearing on September 17, 1947. No response to said motion has been filed on behalf of defendant and no appearance in his behalf was made at the time the motion to dismiss came on for hearing.

The proof of the state offered at the hearing on the motion to dismiss substantiated the allegations of their motion to dismiss the appeal.

In Evinger v. State, 35 Okla. Cr. 12, 247 P. 416, it is stated:

"Where a convicted defendant appeals and gives bond to stay the execution of the sentence during the pendency of the appeal, and violates the conditions of his bond by leaving the state without leave of court, it is within the discretion of the court, whether it will proceed to a decision of the cause or dismiss the appeal.

"Where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case."

In Bryce v. State, 14 Okla. Cr. 456, 172 P. 976, 977, Judge Matson, speaking for the court, says:

"If persons who are convicted of crime within this state leave the jurisdiction of this court after taking an appeal without its permission or order, even for a short period of time, they may, with equal right and propriety, leave the court's jurisdiction during the entire pendency of the appeal and the court, under such circumstances, would be practically helpless to enforce its judgment against them. Persons convicted of crime in courts of record within this state have a right to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal, continually violating the criminal statutes of this state."

See, also, Mann v. State, 73 Okla. Cr. 245, 119 P. 2d 878; Herring v. State, 71 Okla. Cr. 69, 108 P. 2d 193; Kilpatrick v. State, 71 Okla. Cr. 125, 109 P. 2d 514; Payne v. State, 78 Okla. Cr. 396, 149 P. 2d 272.

Upon consideration of this matter, we are of the opinion that the defendant, by his conduct, has waived his right to have his appeal in this case considered and determined.

The appeal is therefore dismissed.

BAREFOOT, P. J., and BRETT, J., concur.