# ROBERT LOWELL ROGERS v. CITY OF TULSA.

No. A-10864.   July 28, 1948.

(196 P. 2d 532.)

James P. Devine, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Geo. B. Schwabe, Jr., City Prosecutor, of Tulsa, for defendant in error.

BRETT, J.   Defendant, Robert Lowell Rogers, was charged in the municipal criminal court of the city of Tulsa, Tulsa county, Okla., with the crime of reckless driving in violation of Ord. No. T-150, Ordinances of the City of Tulsa, was tried, convicted and sentenced to serve 30 days in jail, and pay a fine of $100 and costs.

An appeal from that judgment was filed on April 10, 1947. On April 7, 1948, the city prosecutor of the city of Tulsa filed a motion in this court to dismiss the appeal in which he alleges that the defendant, Robert Lowell Rogers, is now, and since March, 1947, has been outside of the jurisdiction of this court, that the defendant is presently incarcerated in the Illinois State Penitentiary, Joliet, Ill., serving a sentence of from five to ten years for the crime of burglary, that the defendant cannot be made to respond to any judgment or order that might be made in this case, and that for said reason the appeal should be dismissed. Thereafter, the said case was set for hearing on April 28, 1948, at 1:30 p. m. No response to said motion has been filed on behalf of the defendant, and no appearance in his behalf was made at the time the motion to dismiss came on for hearing. Proof of the state substantiates the allegations of the motion to dismiss the appeal. In Evinger v. State, 35 Okla. Cr. 12, 247 P. 416, it is stated:

"Where a convicted defendant appeals and gives bond to stay the execution of the sentence during the pendency of the appeal, and violates the conditions of his bond by leaving the state without leave of court, it is within the discretion of the court whether it will proceed to a decision of the cause or dismiss the appeal.

"Where a defendant has been convicted and sentenced and perfects an appeal, this court will not consider his appeal, unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case."

In Bryce v. State, 14 Okla. Cr. 456, 172 P. 976, 977, Judge Matson, speaking for the court, says:

"If persons who are convicted of crime within this state leave the jurisdiction of this court after taking an appeal without its permission or order, even for a short

period of time, they may, with equal right and propriety, leave the court's jurisdiction during the entire pendency of the appeal, and the court, under such circumstances, would be practically helpless to enforce its judgment against them. Persons convicted of crime in courts of record within this state have a right to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal, continually violating the criminal statutes of this state."

See, also, Mann v. State, 73 Okla. Cr. 245, 119 P. 2d 878; Herring v. State, 71 Okla. Cr. 69, 108 P. 2d 193; Kilpatrick v. State, 71 Okla. Cr. 125, 109 P. 2d 514; Payne v. State, 78 Okla. Cr. 396, 149 P. 2d 272.

Upon consideration of this matter we are of the opinion that the defendant, by his conduct, has waived his right to have his appeal in this case considered and determined.

The appeal is therefore dismissed.

BAREFOOT, P. J., and JONES, J., concur.