**Gene Raymond (Corky) TROTTER,
Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–12610.**

Criminal Court of Appeals of Oklahoma.

Jan. 7, 1959.

M. W. Cooper, John M. Lawrence, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The plaintiff in error, Gene Raymond (Corky) Trotter, hereinafter referred to as the defendant, was charged by information with the crime of murder. He was tried before a jury who found the defendant guilty of manslaughter, first degree. The jury was unable to agree upon the punishment, left the same to the trial judge who assessed the defendant's punishment at 20 years in the Oklahoma State Penitentiary. The defendant was admitted to bail and his appeal lodged in this court on April 14, 1958, asserting six assignments of error. No cases were cited nor authorities presented in the support of any of the assignments of error. On October 27, 1958, during the pending of said appeal, the Attorney General filed a motion to dismiss the appeal for the reason that the defendant had violated the condition of his appeal bond by leaving the jurisdiction of this court without the permission or proper order of the court. That the defendant did absent himself from the court's jurisdiction and went to the states of Florida, California, and Texas;

that on the 27th day of July, 1958, the defendant was apprehended near Mankstown in Fannin County, Texas, and was returned to the state of Oklahoma by the Sheriff of Oklahoma County. The Attorney General requests a dismissal of said appeal upon the contention that defendant's departure and flight from the State of Oklahoma and the jurisdiction of the Court constitutes a forfeiture of his right to appeal from said conviction. To the state's motion to dismiss there has been no reply on the part of the defendant. There being no reply to the allegation of the state's motion to dismiss, the court has no alternative but to accept said accusation as true.

In support of his motion to dismiss, the Attorney General relies upon the case of Sanford v. State, 75 Okl.Cr. 362, 131 P.2d 770:

> "Where a person is convicted of crime, and sentenced to serve a term of imprisonment, and perfects an appeal to this court, it is essential, that he should be in custody pending his appeal, by being confined in the county jail or state penitentiary, as may be provided by law, or constructively in custody by being admitted to bail; otherwise he waives his right of having his conviction reviewed by this court."

Under our code of Criminal Procedure, Tit. 22 O.S.1951 § 1058, the conditions upon which an appeal bond is made are clearly prescribed:

> "If an appeal is taken and the appeal bond given as provided in the preceding Section, said bond shall be conditioned that the defendant will appear, submit to and perform any judgment rendered by the Criminal Court of Appeals or the court in which the original judgment was rendered in the further progress of the cause and will not depart without leave of the court."

It is the condition of the supersedeas bond that the appellant shall fully observe the condition named in said bond and where it is shown that the appellant without permission or order of the court absents himself from the state and jurisdiction of the court, he thereby waives the right given to have the judgment of conviction superseded. The court then may exercise its discretion and dismiss said appeal. See Kincaid v. State, 30 Okl.Cr. 290, 237 P. 131; Tyler v. State, 3 Okl.Cr. 179, 104 P. 919, 26 L.R.A.,N.S., 921.

This court said relative to this matter in the case of Bryce v. State, 14 Okl.Cr. 456, 172 P. 976, 977:

> "If persons who are convicted of crime within this state leave the jurisdiction of this court after taking an appeal without its permission or order, even for a short period of time, they may, with equal right and propriety, leave the court's jurisdiction during the entire pendency of the appeal, and the court, under such circumstances, would be practically helpless to enforce its judgment against them. Persons convicted of crime in courts of record within this state have a right to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal, continually violating the criminal statutes of this state."

In Herring v. State, 71 Okl.Cr. 69, 108 P.2d 193, 195, the court said:

> "While there is no express provision of the statute authorizing the dismissal of an appeal on the grounds stated, yet, in the absence of a statute to the contrary, the rule is well settled that it is a matter within the discretion of the court whether, upon the uncontroverted facts, plaintiff in error has waived his right to have his appeal considered and determined."

Also, see Tydings v. State, 4 Okl.Cr. 659, 112 P. 759; Morey v. State, 6 Okl.Cr. 166, 117 P. 724; Holden v. State, 14 Okl.Cr. 463, 172 P. 977; Webster v. State, 18 Okl.Cr.

183, 193 P. 431; Simpson v. State, 29 Okl. Cr. 57, 232 P. 455.

The motion of the Attorney General states sufficient grounds to show that the defendant violated the provisions of his supersedeas bond, and being uncontroverted, it is obvious that defendant has waived his right to have his appeal reviewed. The motion to dismiss is hereby sustained and said cause accordingly dismissed.

BRETT, P. J., and POWELL, J., concur.