Jimmie WILLISON, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant In Error.

No. A-12674.

Court of Criminal Appeals of Oklahoma.

July 22, 1959.

Jimmie Willison was convicted for larceny of an automobile and appeals. Appeal dismissed.

John W. Tillman, Fred A. Tillman, Don Hampton, Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

In the information in this case, plaintiff in error Jimmie Willison, hereinafter referred to as defendant, was charged with the larceny of an automobile. Upon trial, defendant was found guilty and sentenced to a term of seven years in the state penitentiary. From the judgment an appeal was taken.

On June 2, 1958, defendant stayed the execution of the judgment and sentence

by filing a supersedeas bond which was approved by the court clerk and thereupon defendant was released pending his appeal to the Court of Criminal Appeals.

On February 24, 1959, the attorney general filed a motion to dismiss the appeal on the ground that defendant is a fugitive from justice; that he has left and is now absent from the state without leave of court, and has thus violated the conditions of his appeal bond. This motion is supported by the affidavit of the Osage county attorney and a certified copy of the complaint signed by the county attorney of Montgomery County, Kansas, where said defendant is being held in jail on a charge of assault with intent to kill.

The uniform holding of this court is that, where a defendant has been convicted and sentenced, and perfects an appeal, and departs without leave of court, thus voluntarily violating one of the conditions of his appeal bond, he thereby waives the right that was given him to have the judgment of conviction superseded, and it then becomes discretionary for this court to proceed to a determination of the case on its merits, or to dismiss such appeal for that reason.

In Ravenscraft v. State, 12 Okl.Cr. 283, 155 P. 198, this court held:

"When a person is convicted of a crime and perfects an appeal to this court, he is not entitled to give a supersedeas bond and leave the jurisdiction without proper orders permitting him to do so."

A recent decision by this court, Trotter v. State, 334 P.2d 452, 453, further states:

"It is the condition of the supersedeas bond that the appellant shall fully observe the condition named in said bond and where it is shown that the appellant without permission or order of the court absents himself from the state and jurisdiction of the court, he thereby waives the right given to have the judgment of conviction superceded. The court then may exercise its discretion and dismiss said appeal."

Also see Sanford v. State, 75 Okl.Cr. 362, 131 P.2d 770; Bryce v. State, 14 Okl.Cr. 456, 172 P. 976.

Where, on motion to dismiss the appeal, a showing is made by the state, such as in this case, this court in the exercise of its discretion may dismiss the same. The attorney general sufficiently states grounds to show that defendant violated the provisions of his supersedeas bond, and we are of the opinion that, under the rule stated, defendant has waived the right to have his appeal in this case considered and determined.

The appeal is therefore dismissed.

POWELL, P. J., and BRETT, J., concur.