Carl BRADBURY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13156.

Court of Criminal Appeals of Oklahoma.

Oct. 31, 1962.

Rehearing Denied Jan. 15, 1963.

Kenneth B. Kienzle, Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Carl Bradbury, plaintiff in error, defendant below. He was charged by information in the district court of Pottawatomie County, Oklahoma, with the crime of carrying a firearm, to-wit: a sawed-off shot gun, in his automobile, on September 23, 1960, after prior convictions of felonies. He was convicted and sentenced to a term of ten years in the state penitentiary.

The information further charges that prior to September 23, 1960, in case No. 4276 in the district court of Pottawatomie County and on October 23, 1939, the defendant was charged with the crime of attempting to commit a felony, to-wit: second degree burglary to which charge he entered a plea of guilty and was sentenced to a term of five years in the state penitentiary.

It was further charged that prior to September 23, 1960 and on June 27, 1935 in case No. 3857 in Pottawatomie County, this defendant was convicted of the crime of robbery with firearms, and his punishment assessed at five years in the state penitentiary.

That on January 29, 1932 in case No. 3225 in the district court of Pittsburg County, Oklahoma, Carl Bradbury entered a plea of guilty to a charge of larceny of chickens, a felony, and was sentenced to six months imprisonment, which became final when unappealed.

That prior to September 23, 1960 in case No. 2252 in the district court of Lincoln County, the accused entered a plea of guilty on September 5, 1931 to grand larceny, and was sentenced to three years in the state penitentiary, which was a final judgment and sentence.

That prior to September 23, 1960 the accused, Carl Bradbury, on May 16, 1939 in case No. 13125 in the district court of Oklahoma County was charged with burglary in second degree, after former conviction of a felony, entered a plea of guilty thereto and was by the court sentenced to ten years in the state penitentiary.

The state filed a motion to dismiss this appeal, alleging that the defendant left the state of Oklahoma while out on appeal bond, without the permission of this court so to do, and was arrested in Wheeler, Texas. In his response to such motion to dismiss, the defendant admits that he left the state of Oklahoma without securing permission from this court.

■ In light of the defendant's numerous convictions, and the nature thereof, this court is of the opinion that the defendant's conduct puts him in the attitude of a fugitive from justice and that he has thereby waived his right to have his judgment and sentence reviewed.

■ In Evinger v. State, 35 Okl.Cr. 12, 247 P. 416, quoted in Herring v. State, 71 Okl.Cr. 69, 108 P.2d 193, it was said:

"Where it is shown that appellant, after perfecting his appeal, without permission or proper order of the court first obtained, left the jurisdiction of the court, thus voluntarily violating one of the conditions of his appeal bond,

he thereby waives the right that was given him to have the judgment of conviction superseded, and it then becomes discretionary for this court to proceed to a determination of the case on its merits, or to dismiss such appeal for that reason."

In Bryce v. State, 14 Okl.Cr. 456, 172 P. 976, also quoted in Herring v. State, supra, we said:

"If persons who are convicted of crime within this state leave the jurisdiction of this court after taking an appeal without its permission or order, even for a short period of time, they may, with equal right and propriety, leave the court's jurisdiction during the entire pendency of the appeal, and the court, under such circumstances, would be practically helpless to enforce its judgment against them. Persons convicted of crime in courts of record within this state have a right to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal, continually violating the criminal statutes of this state."

It is the duty of this court to protect other states as far as our power will permit against a license of appellants herein with long criminal records involving burglary, etc., in other states. It is not the fact of his arrest with which we are primarily concerned, that is but an incident which clearly establishes the violation of the conditions of his appeal bond. This court is concerned with such flagrant disregard of the conditions of an appellant's bond. Herein the appellant's past experience afforded him knowledge he was not to leave Oklahoma during the pendency of his appeal. Appellants with a long history of burglary, robbery, larceny and other law violations will be held to the strict account their bonds require. Only where the facts in such cases clearly support a valid application for permission to leave the state should the rule against so doing be relaxed. This case does not fall within the exception permitting a deviation of the rule.

The appeal is accordingly dismissed; and the clerk of this court is directed to issue the mandate forthwith.

NIX, P. J., and BUSSEY, J., concur.