Carl BRADBURY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13164.

Court of Criminal Appeals of Oklahoma.

Oct. 31, 1962.

Rehearing Denied Jan. 15, 1963.

Kenneth B. Kienzle, Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Carl Bradbury and Bud Ross were jointly charged in the district court of Lincoln County, Oklahoma with the crime of burglary in the second degree, by breaking and entering, in the night time, an enclosure around the hardware store of Parks Brothers, and stealing ten rolls of barbed wire of the value of $90.25; all after former convictions of felonies, to-wit: Grand larceny on September 5, 1931 in the district court of Lincoln County Oklahoma in case No. 2252; and after having been convicted of the crime of robbery on July 6, 1953 in the district court of Howard County, Texas in case No. 2903.

The appeal is by transcript. It is evident that a severance was granted, but the same is not shown in the transcript. This defendant filed a demurrer to the information, which was overruled. He claimed that the crime herein charged is the same one charged in Pottawatomie County, wherein this defendant, Carl Bradbury, was found guilty on a charge of carrying firearms after former convictions of felonies, and sentenced to serve ten years in the penitentiary.

Thereafter defendant filed a plea of former jeopardy, alleging that he had been tried for the same offense in case No. 3107 in the district court of Lincoln County, which resulted in a mistrial with the jury unable to reach a verdict, and the county attorney dismissed said case, and refiled it under No. 3128.

The defendant was found guilty by a jury, who left his punishment to the court. The court assessed the punishment at ten years in the State Penitentiary.

This court takes judicial notice of its own records (Dunn v. State, Okl.Cr., 279

P.2d 389; Carter v. State, Okl.Cr., 292 P.2d 435; Townley v. State, Okl.Cr., 355 P.2d 420), particularly where the matter appears to be undisputed and factually established. It appears from our records herein that this defendant has been convicted numerous times of like offenses to the one herein involved.

On October 23, 1939 the defendant entered a plea of guilty in case No. 4276 in the district court of Pottawatomie County, Oklahoma, to a charge of attempting to commit a felony, to-wit: second degree burglary. On June 27, 1935 in case No. 3857 in the district court of Pottawatomie County this defendant was convicted of the crime of robbery with firearms. On January 29, 1932 in case No. 3225 in the district court of Pittsburg County, Oklahoma defendant entered a plea of guilty to a charge of larceny of chickens, a felony. On May 16, 1939 in case No. 13125 in Oklahoma County defendant entered a plea of guilty to a charge of burglary, second degree, after former conviction of a felony.

This matter comes on for hearing on a motion to dismiss the appeal. It appears from the motion to dismiss filed by the state, that this defendant left the state of Oklahoma while out on appeal bond, without the permission of this court so to do, and was later arrested in Wheeler, Texas. This is admitted by the defendant in his response to the motion.

■ In light of defendant's numerous convictions, and the nature thereof, this court is of the opinion that the defendant's conduct puts him in the attitude of a fugitive from justice, and he has thereby waived his right to a review of this appeal.

■ In Evinger v. State, 35 Okl.Cr. 12, 247 P. 416, quoted in Herring v. State, 71 Okl.Cr. 69, 108 P.2d 193, it was said:

"Where it is shown that appellant, after perfecting his appeal, without permission or proper order of the court first obtained, left the jurisdiction of the court, thus voluntarily violating one of the conditions of his appeal bond, he thereby waives the right that was given him to have the judgment of conviction superseded, and it then becomes discretionary for this court to proceed to a determination of the case on its merits, or to dismiss such appeal for that reason."

In Bryce v. State, 14 Okl.Cr. 456, 172 P. 976, also quoted in Herring v. State, supra, we said:

"If persons who are convicted of crime within this state leave the jurisdiction of this court after taking an appeal without its permission or order, even for a short period of time, they may, with equal right and propriety, leave the court's jurisdiction during the entire pendency of the appeal, and the court, under such circumstances, would be practically helpless to enforce its judgment against them. Persons convicted of crime in courts of record within this state have a right to appeal to this court, but such appeals must be taken in the manner and under the conditions provided by law. The right to supersede a judgment of conviction by the giving of an appeal bond cannot be considered by appellants as a license to roam at large pending such appeal, continually violating the criminal statutes of this state."

■ It is the duty of this court to protect other states as far as our power will permit against a license of appellants herein with long criminal records involving burglary, etc., in other states. It is not the fact of his arrest with which we are primarily concerned. That is but an incident which clearly establishes the violation of the conditions of his appeal bond, but this court is concerned with such flagrant disregard of the conditions of an appellant's bond. His past experience afforded him knowledge he was not to leave Oklahoma during the pendency of his appeal. Appellants with a long history of burglary, robbery, larceny and other law violations will be held to the strict account their bonds require. Only where the facts in such cases

clearly support a valid application for permission to leave the state, should the rule against so doing be relaxed. This case does not fall within the exception permitting a deviation of the rule.

The appeal is accordingly dismissed, and the clerk of this court is directed to issue mandate forthwith.

NIX, P. J., and BUSSEY, J., concur.