**Betty J. KLINEFELTER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13607.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1965.

Charles Dunn, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

JOHNSON, Presiding Judge.

Plaintiff in Error, Betty J. Klinefelter, was charged in the district court of Tulsa County with the crime of forgery, second degree. The case was called for arraignment on April 8, 1964 and the defendant entered a plea of not guilty, and waived her right to trial by jury, and requested a non-jury trial. The case was called for trial on April 29, 1964, and defendant entered a plea of guilty. On May 21, 1964 defendant was sentenced to four years in the State Penitentiary, three years of said sentence being suspended. Defendant gave notice of her intention to appeal, and bond was fixed at $3000. Appeal bond was approved on May 27, 1964, and the defendant released.

From the judgment rendered May 21, 1964 an appeal was perfected by filing in this Court on November 10, 1964 a petition in error with casemade.

The Attorney General has filed a motion to dismiss the appeal, in part as follows:

"[T]he plaintiff in error has removed herself from the jurisdiction of this Court and of the trial court and has violated the terms of her supersedeas bond made and entered in the trial court. Defendant in error alleges and

states that plaintiff in error is and has been since the 5th day of November, 1964, in the custody of authorities in the State of California as is more particularly shown by the copy of Arrest Report of the Escalon California police department attached hereto as Exhibit 'A'. That said report indicates that plaintiff in error has been in California since on or before the 21st day of September, 1964."

This Court set said motion down for hearing for December 16, 1964, and a copy of the motion and of the order of this Court was served on counsel of record of the defendant in this Court. No response to said motion has been filed by the defendant, and no appearance was made at the time said motion came on for hearing.

The proof of the State offered at the hearing on the motion to dismiss substantiated the allegations of the motion to dismiss the appeal.

The Code of Criminal Procedure of our State (Tit. 22 O.S.A. § 1058) provides:

"If an appeal is taken and the appeal bond given as provided in the preceding Section, said bond shall be conditioned that the defendant will appeal, submit to and perform any judgment rendered by the Criminal Court of Appeals or the court in which the original judgment was rendered in the further progress of the cause, and will not depart without leave of the court."

The uniform holding of this Court is that where a defendant has been convicted and sentenced and perfects an appeal, this Court will not consider his appeal unless the defendant is where he can be made to respond to any judgment or order it may render and enter in the case. Herring v. State, 71 Okl.Cr. 69, 108 P.2d 193, and cases cited.

In Evinger v. State, 35 Okl.Cr. 12, 247 P. 416, it is said:

"[W]here it is shown that appellant, after perfecting his appeal, without permission or proper order of the court first obtained, left the jurisdiction of the court, thus voluntarily violating one of the conditions of his appeal bond, he thereby waives the right that was given him to have the judgment of conviction superseded, and it then becomes discretionary for this court to proceed to a determination of the case on its merits, or to dismiss such appeal for that reason."

And in Morgan v. State, 14 Okl.Cr. 466, 172 P. 974, this Court held:

"Where a defendant has been convicted and appeals from the judgment and sentence, this court will not consider his appeal unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case, and, where he leaves the state and is convicted of crime in another state pending the determination of his appeal, this court will on proper motion dismiss the appeal."

And see Payne v. State, 78 Okl.Cr. 396, 149 P.2d 272, and Trotter v. State, Okl.Cr., 334 P.2d 452, and the numerous cases cited in the latter case.

While there is no express provision of our statute authorizing the dismissal of an appeal on the grounds stated, yet, in the absence of a statute to the contrary, the rule is well settled that it is a matter within the discretion of the court whether, upon uncontroverted facts, plaintiff in error has waived her right to have her appeal considered and determined.

For the reasons stated above, the motion of the State is sustained, and the appeal is therefore dismissed and the case remanded to the trial court, and it is ordered that the judgment and sentence of the district court of Tulsa County be carried into execution.

Mandate to issue forthwith.

BUSSEY and NIX, JJ., concur.