Alvie Eugene MASON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13471.

Court of Criminal Appeals of Oklahoma.

July 15, 1964.

Fred W. Whetsel, McAlester, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Ass't. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Alvie Eugene Mason was charged, tried and convicted in the District Court of Pittsburg County, Case #5864, for the crime of Burglary 2nd Degree. He was found guilty by the Jury and from the Judgment and Sentence, fixing his punishment at Two (2) Years in the State Penitentiary at McAlester, Oklahoma, a timely appeal was perfected to this Court.

On the 26th day of June 1964, a Motion to Dismiss said appeal, on the grounds and for the reason that the said Alvie Eugene Mason is currently a fugitive from justice and has fled this jurisdiction, was filed by the Attorney General on behalf of the State of Oklahoma. Attached to said Motion to Dismiss were the following affidavits: (Captions omitted)

"Before me, a Notary Public in and for LeFlore County Oklahoma, appears Jess Wells to me well known on this 23rd day of June, 1964 and deposes and states:

"That he is a deputy sheriff for LeFlore County, Oklahoma and has served in such capacity since January 7, 1963, and at this time is personally acquainted with Alvie Eugene Mason of Dallas, Texas, and knows that Alvie Eugene Mason is one and the same person as the Alvie Eugene Mason who was convicted of the crime of Burglary Second Degree in the District Court of Pittsburg County, Oklahoma in case No. 5864 in 1963, and was also convicted of another crime of Burglary, Second Degree in the District Court of LeFlore County, Oklahoma and was sentenced for 4½ years on the 10th day of March, 1964 in the District Court Case No. 4716.

"That on or about the 7th day of April, 1964, this same Alvie Eugene Mason was arrested and charged in LeFlore County, Oklahoma, with the crimes of Grand Larceny and Attempted Burglary, Second Degree—which were committed on the 7th day of April, 1964, Alvie Eugene Mason has been confined in the LeFlore County Jail pending a preliminary hearing on the crime of Grand Larceny and Attempted Burglary charges. That he was also confined in the LeFlore County Jail pending transportation to the Oklahoma State Penitentiary for his 4½ years conviction he received on March 10, 1964.

"That on June 23, 1964, around or about 1:30 A.M., the said Alvie Eugene Mason escaped along with two other prisoners from the LeFlore County Jail and at this time is at large. That the County Attorney's office of LeFlore County has requested the Federal District Attorney at Muskogee, Oklahoma to issue a federal flight warrant on the said Alvie Eugene Mason.

"s/ Jess Wells

"Subscribed and sworn to before me this 23rd day of June, 1964.

"Betty Adams—Notary Public

"Before me, a Notary Public in and for the above County and State, on this 23rd day of June, 1964, personally appeared Pat Pate to me well known and deposes and states:

"That he is the Assistant County Attorney for LeFlore County, Oklahoma

**240**

and has served as same since January 7, 1963.

"That he is personally acquainted with Alvie Eugene Mason of Dallas, Texas, and was one of the prosecutors for the State of Oklahoma in District Court Case No. 4716 of LeFlore County, where Alvie Eugene Mason received 4½ years sentence for the crime of Burglary, Second Degree and was sentenced for the same on March 10, 1964. That he knows personally Alvie Eugene Mason is one and the same person as the Alvie Eugene Mason that was sentenced in Pittsburg County, Oklahoma to 2 years for the crime of Burglary, Second Degree during 1963 in the District Court Case No. 5864 and the case is now on appeal before the Court of Criminal Appeals of the State of Oklahoma in their Case No. A–13, 471.

"That since April 7, 1964, Alvie Eugene Mason has been confined in the LeFlore County Jail awaiting a preliminary hearing on the crimes of Grand Larceny and Attempted Burglary, Second Degree alleged to have been committed on April 7, 1964, in LeFlore County, Oklahoma. That prior to March 10, 1964 to April 7, 1964, Alvie Eugene Mason was out of jail on an appeal bond and after being arrested for the crimes of Grand Larceny and Attempted Burglary his sureties surrendered him to the Sheriff of LeFlore County, Oklahoma and they were exonerated as bondsmen and since said time he has been in the custody of the LeFlore County Sheriff by order of the District Judge, George Windham.

"That on June 23, 1964 Alvie Eugene Mason, George Edward Rice, alias George Youngblood and Johnny Jenkins escaped from the LeFlore County Jail at 1:30 A.M., and at this time all are at large. Federal flight warrants have been requested by the LeFlore County Attorney's office from the Federal District Attorney at Muskogee, Oklahoma on Alvie Eugene Mason and George Edward Rice, alias George Youngblood.

"s/Pat Pate

"Subscribed and sworn to before me this 23rd day of June, 1964.

"s/Betty Adams
"Notary Public"

Thereafter, and after having received notice of the Motion to Dismiss, Mr. Fred W. Whetsel, attorney for Plaintiff in Error waived Oral Argument on the Motion to Dismiss and said Motion was submitted on the record.

We have carefully examined the record, and it appearing to the Court that the said Alvie Eugene Mason is a fugitive from justice and has absented himself from this jurisdiction, we are of the opinion that the Motion to Dismiss should be and the same is hereby sustained.

We have repeatedly held that: "Where defendant has been convicted and sentenced and perfects an appeal, Criminal Court of Appeals will not consider his appeal unless the defendant is where he can be made to respond to any judgment or order it may render and enter in the case.

"Where subsequent to filing of appeal in Criminal Court of Appeals, from a conviction sustained in District Court, the defendant is arrested, tried and convicted of another crime and thereafter escapes from jail and becomes a fugitive from justice, * * * the Criminal Court of Appeals will consider that defendant has waived the right to have his conviction reviewed for the reason that he cannot be made to respond to any judgment the Criminal Court of Appeals may enter in the said appealed case, and the appeal will be dismissed." Burton v. State, 88 Okl. Cr. 147, 200 P.2d 772.

For the reasons above set forth the appeal is dismissed.

Appeal dismissed.

JOHNSON, P. J., and NIX, J., concur.